THE CITY OF CAMDEN *vs.* HENRY ALLEN and others.

Payment of taxes cannot be enforced by an action of debt.  Where the statute provides another method of recovery, they can only be collected in the mode prescribed by the statute.

On demurrer to narr.

This case was certified from the Camden Circuit for the advisory opinion of this court.  The facts appear in the opinions delivered.

Argued at June Term, 1857, before the CHIEF JUSTICE, and Justices ELMER, POTTS, and VREDENBURGH.

*J. B.* and *W. L. Dayton,* in support of the demurrer.

*Carpenter* and *Browning, contra.*

The CHIEF JUSTICE.  An action of debt was brought by the plaintiff, in the Camden Circuit, for the recovery of taxes assessed by authority of the city of Camden, upon real estate in that city, in the year 1853.  Upon a general demurrer to the declaration, the case is certified to this court for its advisory opinion.

The only question presented by counsel, upon the case certified for the opinion of this court, is whether an action of debt will lie to recover taxes under the laws of this state.  It is not denied that the city had power to levy the tax in question, and that the assessment was regularly made.  The payment of the tax may, it is conceded, be enforced in the mode prescribed by the statute, but may resort be had to an action at law to enforce payment?

A tax, in its essential characteristics, is not a debt, nor in the nature of a debt.  A tax is an impost levied by authority of government, upon its citizens or subjects, for the support of the state.  It is not founded on contract or

City of Camden v. Allen.

agreement. It operates *in invitum.* *Peirce* v. *The City of Boston,* 3 *Metc.* 520. A debt is a sum of money due by certain and express agreement. It originates in, and is founded upon contract express or implied.

A debt universally bears interest from the time it is due. A tax never carries interest. No instance, it is believed, can be found since the formation of the government, where a claim for interest on taxes has been made or enforced.

In *Shaw* v. *Peckett,* 26 *Verm.* 482, it was expressly decided that interest could not be collected upon a tax, and that it could not be enforced by suit.

Debt is the subject matter of set-off, and is liable to set-off; a tax is neither. To hold that a tax is liable to set-off would be utterly subversive of the power of government and destructive of the very end of taxation. If the national debt of Great Britain were distributed among one-half or three-fourths of its taxpayers, could they set off such debt, if past maturity, against the annual tax assessed against them for the support of government? Or can the multitude of creditors of our local municipal corporations set off the debts due from the town or city against their taxes? The question relates not to the technical form of making the set-off; but, as a matter of principle and sound policy, could the claim be tolerated? How is government to be maintained upon such theory? It is not improbable that at this hour many of our municipal corporations are indebted to their own citizens, in amounts far exceeding the annual tax which, by their charters, they are authorized to levy. If a principle so clear requires an authority in its support, it will be found in *Peirce* v. *The City of Boston,* 3 *Metc.* 520.

It was also held in the case just cited, that taxes do not partake of the nature of judgments; that no right of action is given for them, except in certain specified cases, and that they cannot be turned into judgments.

There is in fact no necessity, nor reason, nor ground of

policy, for converting a tax into a debt, and bringing an action for its recovery. The government and municipal corporations exercising the functions of government have a higher and a better remedy. It is a claim created by government, through the action of its own executive officers, having all the efficacy of a judgment, creating a lien upon property, admitting of no appeal, except to its own specially constituted agents, not under the control of judicial tribunals, subject to none of the delays incident to proceedings in courts of law, and capable of being enforced by process more summary than legal execution. On the other hand, to permit municipal corporations, or their subordinate officers, at pleasure to forego the plain and simple method prescribed by statute for the recovery of taxes, and to subject the taxpayer to the vexation and costs of legal proceedings, would be adding a wanton and intolerable grievance to a burthen already sufficiently onerous.

If, indeed, a tax should be imposed, and no method be provided by law for its recovery, a resort to legal proceedings would then be a matter of necessity. By the fundamental principle of the law there must be a redress for every wrong, a method of recovery for every due. In the cases cited upon the argument, where an action of debt was maintained in Ohio for the recovery of tax, the only points discussed or decided relate to the legality of the tax itself. No question appears to have been raised as to the form of recovery. *Ohio* v. *Hibbard*, 3 *Ohio R.* 63 ; *Ohio* v. *Gazlay*, 5 *Ohio R.* 14. It may be presumed that the statute of that state either prescribed no other mode of recovery, or expressly authorized the bringing of the action. In my opinion the declaration contains no cause of action. The Circuit Court should be advised that the defendant is entitled to judgment upon the demurrer.

POTTS, J. The declaration is in debt, for the recovery of $202.35, the sum assessed as the defendant's propor-

City of Camden v. Allen.

tion of the taxes of the north ward of the city of Camden, and embraces the county, city, ward and school tax, &c., for 1853. The defendant demurs, and the single question raised is, whether an action of debt can be maintained for the recovery of this tax.

The act to incorporate the city of Camden (*Pamph. L.* 1850, *p.* 208, § 13,) authorizes the assessors and collectors of the several wards to assess and collect the state, county, city and school tax, &c., *in the same manner* and within the same time as the assessors and collectors of the townships of the county of Camden are or may be required to assess and collect the state and county taxes in their respective townships, and provides for appeals, &c. Section 23 authorizes the city council to cause money to be raised by tax for various purposes. Section 24 authorizes the council to raise money by tax for schools. Sections 28 and 29 provide for collecting the taxes assessed upon lots or tracts of land. This tax is to be and remain a lien on the land for two years; and if not paid within the time limited, *the land may be sold* at auction for the shortest time for which any person will agree to take it, and pay the tax, with interest at twelve per cent., and costs, &c. There is, therefore, in the act, a specific, full and complete remedy provided for the collection of these taxes. Is this remedy exclusive, or merely cumulative?

To hold that the statutory remedy is merely cumulative, would certainly involve serious consequences. Admit that the assessment is conclusive, and fixes the legal liability, which remains subject only to an appeal or *certiorari,* and that the liability being for a sum certain, an action of debt may be brought for it the moment it becomes actually due and payable by the statute, and there is nothing to prevent a resort to this remedy in every case of taxation. Where the amount assessed was sufficiently large to carry costs in the higher courts, it might be resorted to for purposes of oppression. In every case it would, it is believed, be a more expensive remedy than

that specifically provided for by the statute, and in no case would it be more certain or efficient.

The statutory remedy for the collection of taxes is by distress and sale of the goods and chattels and imprisonment of the body. This power is conferred on the city of Camden by the charter; and, in addition to this, the city has the power to raise taxes assessed on real estate, by selling the same for such term of years as may be necessary; and delinquents are charged, besides, with twelve per cent. interest on all taxes raised by such sales. In some respects these remedies are more stringent than that which the action of debt would afford, particularly in the coercive power of imprisonment. There is no public necessity, therefore, that the construction contended for by the plaintiff's counsel should be given to the charter.

The legislature have not thought proper, in the act concerning taxes, to make lands liable to be sold, except in the case of non-resident freeholders and foreign corporations, and this by recent statute. *Nix. Dig.* 805. And, as we have seen, the power conferred on Camden is limited to a sale, for a term of years only, for taxes assessed on land. This would seem to indicate the design of the legislature to limit the remedy for the collection of taxes to proceedings against the personalty, and, in the last resort, against the person of the citizen, and to exempt the freehold, particularly as this very question has been the subject of legislation in the Camden charter, and in the act of 1854, above referred to. From this fact an inference may be drawn, that the legislature did not design to leave open an alternative remedy against lands, as well as goods, which the action of debt would afford.

It is not shown that there is any precedent for an action of this kind in this state, and the weight of authority is against it upon principle. In the case of the *United States* v. *Lyman*, 1 *Mason's C. C. R.* 481, it was argued by the defendant's counsel, that wherever a right is given by

statute, and no remedy pointed out by which to enforce it, that there an action of debt at common law will lie; but that, wherever any remedy is provided by statute, such remedy is in exclusion of all others, and must be adopted. Blake, the district attorney, with whom was Mr. Webster, for the plaintiffs, did not deny the general rule, but said it was limited to cases where the right and remedy are given and prescribed in the *same statute.* And Mr. Justice Story, in delivering his opinion, fully admitted the principle. He said: " Where the debt arises by statute, an action or information of debt is the appropriate remedy, *unless a different remedy be prescribed by the statute.*"

In *Stevens* v. *Evans*, 2 *Burrowes* 1152, Mr. Justice Denison, delivering the opinion of the Court of King's Bench, stated the rule to be " that, upon a new statute, which prescribes a particular remedy, no remedy can be taken but the particular remedy prescribed by the statute." And to the same effect are the cases of *Gedney* v. *Tewksbury*, 3 *Mass.* 307 ; *Smith* v. *Drew*, 5 *Mass.* 514; *Bigelow* v. *Cambridge Turnp. Co.*, 7 *Mass.* 202 ; *Jeffrey* v. *Blue Hill Turnp. Co.*, 10 *Mass.* 378; *Rice* v. *Barre Turnpike*, 4 *Pick.* 130.

In *Calking* v. *Baldwin*, 4 *Wend.* 667, it was held that, under the statute of New York authorizing an individual to erect a dam across the Seneca river, for the improvement of the navigation thereof, an action on the case for an injury sustained by the plaintiff in the erection of the work could not be maintained, but that he must be confined to the remedy given by the act itself. It was contended, in that case, that the statutory remedy was cumulative merely, inasmuch as the statute did not expressly take away the common law remedy ; and 2 *Inst.* 200, and *Comyn's Dig.*, " *Action upon Statute*," C, was cited for the principle that, " if a statute give a remedy in the affirmative, without a negative, express or implied, for a matter which was actionable at common law, the party may sue at common law, as well as upon the statute, for this does not take away the common law remedy." But the court

said if this was a private act, as contradistinguished from a public act, the plaintiff would not be confined to the remedy given by the act; but if the work authorized by the act be of a public character, the case is altered, and the compensation which individuals are entitled to receive for injuries occasioned by it must be sought in the way pointed out by the act, and not otherwise; and so are the cases of *Rogers* v. *Bradshaw*, 20 *Johns.* 735; and *Lebanon* v. *Olcott*, 1 *N. Hamp.* 339.

There is no doubt that, but for the principle which the defendant in this case invokes, the action of debt would lie for the recovery of a tax legally assessed. But where, as in the case before the court, the tax is imposed by a public act and for public purposes, and the act itself prescribes the specific remedy to be resorted to for its collection, this is to be taken as excluding the common law remedy.

The demurrer, therefore, is well taken.

Justices ELMER and VREDENBURGH concurred.

CITED *in Person* v. *Warren R. R. Co.*, 3 *Vr.* 443; *Belvidere* v. *Warren R. R. Co.*, 5 *Vr.* 199; *State* v. *Lewis*, 6 *Vr.* 380; *Lane County* v. *Oregon*, 7 *Wall.* 80; *Loan Association* v. *Topeka*, 20 *Wall.* 664.