ALBERT CURRY,

*vs.*

ALEXANDER JONES, JOHN E. RICHARDS, and LEWELLEN THARP, EDWARD JONES, ANDREW J. LORD and ELIAS T. BOOTH, and JOHN HAYES and JOHN SORDEN.

*Sussex, Sept. T. 1872.*

The commissioners under an Act of Assembly for laying out ditches and draining swamps and low lands, did not all go upon and view the lands and premises, to be assessed for the purpose, before laying out the ditches, but a return was made including such lands in the estimate of land to be benefited, and providing for the assessment of the owners of said land

to pay for such ditches; and two of the commissioners who did not view the same, joined in the return. The commissioners then convened the persons assessed pursuant to the Act, and managers and a treasurer were chosen. Afterwards the managers proceeded to cut the ditches, and the treasurer attempted to collect the taxes from the persons assessed on lands which had been omitted from the view, and advertised for sale personal property of persons so assessed. *Held* :—

1. That, by reason of the irregularity and illegality of the original proceedings of the commissioners, all their acts touching the laying out of said ditches, the estimating of the cost thereof, the assessing of the cost upon the owners of said swamps and low grounds, the election of managers and treasurer of said ditches and the collection of the said taxes, were wholly unauthorized by the act, and a breach of the trusts imposed, thereby, and were illegal and void.

2. That there was no adequate remedy at law, and, therefore, an injunction would lie to restrain the further abuse of the trusts conferred by the Act of Assembly.

INJUNCTION BILL.—The General Assembly, by an act passed March 23, 1871, provided for draining the swamps and low lands on the main branch of the Nanticoke River and its tributaries, lying partly in Sussex County and partly in Kent County. The defendants, Alexander Jones, Richards and Tharp, were appointed commissioners to go upon and view the swamps and low grounds, and lay out the ditches required, estimate the cost of making the same each person to be benefited should pay, to make return of their proceedings to the first meeting of taxables, and also record the same. They were authorized to assess damages in favor of any person injured ; and it was provided that all persons who would be benefited should be liable to contribute to the cost of making the ditch, the damages awarded and the expenses of the proceedings. The commissioners were also to convene the first meeting of taxables for the purpose of choosing their managers and a treasurer, and provisions were made for notice and for the manner of holding the meeting and election and filling vacancies and the like. The managers so chosen were to lay out the ditches

according to the return, or cleanse the same, keep accounts and maintain the ditches on the basis of the return as filed, for seven years, or until the order of the Superior Court upon application of one or more taxables.

The treasurer was authorized to collect the assessments with like powers as a collector of county rates, and the act contained the other provisions usual and necessary for effectuating its purposes.

The bill was filed by the complainant on behalf of himself and all other taxables on the ditch or ditches authorized by the act, "except Lewellen Tharp and John "Hays, Edward Jones, Andrew J. Lord, Elias T. Booth "and John Sorden, and except all the other taxables on "said ditch or ditches, who shall hereafter come into Court "and object."

The bill alleged that the proceedings of the commissioners were affected throughout by irregularities which entirely vitiated them, and, which were set out in detail.

1. That certain of the commissioners did not go upon and view swamps and low grounds which were estimated in the return and assessed for the purposes of the act. The owners of these lands were set out in detail, and some of the complainant's lands were included. Nevertheless, these commissioners who did not go upon the lands, joined in laying out the ditches and in making the estimates and return.

2. That the assessment was "unequal, unproportion- "ate and unjust," not having been made according to the proportion that each person would be benefited.

3. That the commissioners did not, as required in said act, estimate in their return, the numbers of acres in the low grounds owned by each taxable.

71—DEL. CH. IV.

4. That the return was not signed by Lewellen Tharp, one of the commissioners.

It was further alleged that the act only authorized the commissioners to lay out a new ditch, and not to go upon and to view or estimate the cleansing and re-digging of any old ditch : but that the commissioners, as appeared by their return, had laid off ditches, the main branches of which were precisely laid off in and along the old ditch and its tributaries ; and that persons who had been assessed and had paid their taxes for the old ditch, were also assessed and taxed by the commissioners under the present act.

Several objections were stated to the manner in which the commissioners had discharged their duties :—

1. That they did not assess a tax upon all persons whose lands were drained by the ditch.

2. That the commissioners made an assessment of the taxes July 29, 1871, and afterwards made several changes in the amount assessed to different persons, and in some instances, the tax of the same person was changed more than once,—in some instances being lessened for the purpose of securing the votes of the taxables at the first meeting to be held under sec. 4 of the act, in support of certain individuals as managers and treasurer, who were known to be favorable to carrying out certain views of the commissioners.

3. That two of the commissioners, Alexander Jones and John E. Richards, combined and confederated with certain of the taxables to carry out their own designs in relation to the laying out of the said ditch, and making of an unequal and unfair assessment of taxes, and the election of certain persons as managers and treasurer of said ditch, and for that purpose used the power given them in

said act, unjustly and in fraud of said act, to lay off the ditch improperly, and to assess some of the taxes onerously and unjustly, and to change the taxes of some of the taxables for the fraudulent purpose of affecting and controlling their votes at said election.

Such alterations of taxes, it was alleged, were not the result of a change of judgment, occasioned by a re-examination of the low grounds along said ditch, but were the result of a determination on the part of the said two commissioners, and those taxables with whom, and for whom, they were acting to carry out the designs aforesaid. The bill then sets out in detail the taxes charged to have been thus altered.

It was further alleged that at the meeting of the taxables, the two commissioners, Jones and Richards, although not taxables, were present and took an active part in the proceedings and sought to influence and control the votes of several of the taxables: It was charged that persons were present holding proxies of sundry taxables who offered to vote under said proxies ; that the chairman of the meeting improperly refused to receive the votes of the holders of said proxies, and held that they were not entitled to vote thereunder, upon any question, and thereupon their votes were not received, that a motion to adjourn was decided in the negative, by reason of the exclusion of the votes of the holders of said proxies ; and that after the said decision, the complainant, with many other taxables, satisfied that it was impossible to obtain their rights under said act, retired from the meeting ; that those who remained and carried on said meeting were less than one-half of the taxables on said ditch, counting either *per capita* or by each dollar of the tax assessed to each voter ; that among those who thus retired, was the secretary of the meeting ; that after his retirement, one George A. Jones, who was

the surveyor on said ditch, but not taxable, acted as secretary and officiously intermeddled with the affairs of the meeting. That subsequently, at a meeting, the minority of the taxables who remained, pretended to elect the defendants, Jones, Lord and Booth as Managers, and the defendant Hayes as Treasurer.

The bill charged that all of the acts of the meeting, after the motion to adjourn, and the retirement of the taxables, together with the election of the managers and treasurer, were illegal and void, a fraud upon the act, and in open violation of all authority which the meeting could have under the same.

It was also charged that the defendant Hayes, pretending to be the treasurer, was attempting to collect, under sec. 7 of the act, from the complainant, the unjust taxes so assessed against him, and had advertised the complainant's property to be sold ; and also, that the pretended managers had begun working under the return of the said two commissioners, and were cutting and cleaning out the old ditch and its tributaries, and had been cutting and digging on and across the lands and premises of the complainant.

It was further charged that the said two commissioners, after finally closing their assessment of the taxes, made certain allowances or deductions from the taxes to certain persons, for work and labor done on the ditch or its tributaries before the act was passed ; and also for boarding the commissioners and surveyor during the progress of laying out the ditch ; and that such allowances and credits were without any authority of law and fraudulent.

The bill was filed September 20th, 1871, and on the same day, a preliminary injunction issued. The defendants were all served with process, except Lewellen Tharp and Elias T. Booth, as to whom there was return of *non*

*est inventus.* At the September Term, 1872, the cause came on to be heard, upon motion of *Moore*, for the complainant, for a decree *pro confesso*, and the only question considered, being whether the bill presented a case for equitable relief.

THE CHANCELLOR :—

It appears that the commissioners named in the act of Assembly did not, before proceeding to perform their duties, all go upon and view the several swamps and low grounds of the main branch of the Nanticoke river and its tributaries, as by the act they were required to do ; but on the contrary, there were many of the said swamps and low grounds, composing a large proportion of the whole of the swamp, which the commissioners did not go upon and view before proceeding to lay out the ditches and estimate the cost thereof. These swamps and low grounds which the commissioners did not go upon, were, nevertheless, included in the estimates made of the number of acres of the lands to be benefited, and the owners thereof were assessed to pay a portion of the estimated cost of making the ditches.

It further appears by the bill, which has been taken *pro confesso*, that returns of the proceedings and estimates were made by two of the commissioners who had failed to view the lands to be assessed. These proceedings of the commissioners, in the laying off of the ditches, and estimating the cost of making the same, and assessing the proportion of such cost to be paid by the persons benefited by the said ditches, were wholly unauthorized under the said act, irregular, illegal and void, two of the commissioners not having participated in the proceedings, but having signed the return, and all the subsequent proceedings, including the election of managers and the treasurer, which were based upon the assumption that the action of the commissioners had been

taken in conformity with the authority of the act, were in fact, invalid, and the action of the defendants Jones, Lord and Booth, who had been elected managers, and of Hayes, who had been elected treasurer, in proceeding to lay out the ditches, and to collect the tax assessed against the complainant, were wholly unauthorized by the Act of Assembly, and in violation of the trusts reposed by the same in the commissioners.

The original invalidity of the action of the commissioners in the omission to go upon the lands of each taxable before assessing their several contributions, is fatal to the whole course of procedure, and sufficient in itself to support a decree for a perpetual injunction. Against the illegal attempt to collect a tax from the complainant, there is no adequate remedy, except by the the process of this court. Several other grounds for invalidating the proceedings taken under the ditch law, are set forth in the bill. After considering them all, the other grounds seem to me more open to question, and I prefer to base the decree upon the single ground stated. It is, therefore, ordered that a decree be entered making the injunction heretofore issued perpetual.