THE VILLAGE OF CHARLOTTE, Appellant, *v.* JOHN M. KEON, Respondent.

Tax — setoff — action by village for collection of unpaid tax — the taxpayer cannot set up, as a counterclaim, a claim against the village.

1. It is the substance of the plaintiff's cause of action, and not the form of the action, which determines the right of setoff. (Code Civ. Pro. § 501.)

2. Taxes are not subject to counterclaim or setoff on the part of the taxpayer, and this rule is not changed by section 126 of the Village Law (Cons. Laws, ch. 64) which provides that "After the lapse of thirty days from the return of the collector, an action may be maintained, *as upon contract*, by the village, to recover the amount of an unpaid tax."

*Village of Charlotte* v. *Keon*, 143 App. Div. 952, reversed.

(Argued January 27, 1913; decided February 11, 1913.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered April 25, 1911, affirming a judgment of the Monroe County Court which affirmed a judgment of a Justice's Court in favor of defendant.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Fred H. Baker* for appellant.   The subject-matter of plaintiff's complaint, for which the action was brought to recover, is a tax, which is not a debt or a contract, but is an impost, not founded on contract or collectible by action, except where there is express statutory authority. (*City of Rochester* v. *Gleichauf,* 40 Misc. Rep. 446; Cooley on Taxation [2d ed.], 16; *City of New York* v. *McLean,* 57 App. Div. 604; *City of Camden* v. *Allen,* 26 N. J. L. 398; *City of Augusta* v. *North,* 57 Maine, 392; *Hibbard* v. *Clark,* 56 N. H. 155.)

*Joseph M. Feely* for respondent.   Substantively, a tax is the social debt, resting in implied contract. (*Edes* v. *Boardman,* 58 N. H. 585; *Mason* v. *B. H. Co.,* 36 Atl. Rep. 624; *Mariner* v. *Milwaukee,* 131 N. W. Rep. 442; *City of Lexington* v. *Wilson,* 118 Ky. 221; *Crawford County* v. *Laub,* 110 Iowa, 355; *City of Faribault* v. *Misener,* 20 Minn. 396; *Rochester* v. *Bloss,* 185 N. Y. 42; *Durant* v. *Albany Co.,* 26 Wend. 66; *New York* v. *Mathews,* 180 N. Y. 41; *Seabury* v. *Bowen,* 3 Bradf. 207; *Hone* v. *Lockman,* 4 Redf. 64.)   Actionable taxes are subject to counterclaim. (*Taylor* v. *Mayor, etc.,* 82 N. Y. 25; *Hibbard* v. *Clark,* 56 N. H. 155; *City of New Orleans* v. *N. O. Water Co.,* 36 La. Ann. 432; *L. & N. R. R. Co.* v. *Comm.,* 30 S. W. Rep. 624; *Apperson* v. *Memphis,* 1 Fed. Cas. 1068; *Gatling* v. *Cartaret Co.,* 92 N. C. 536; *Finnegan* v. *City of Fernandina,* 15 Fla. 379; *Trenholm* v. *City of Charleston,* 3 S. C. 347; *Scobey* v. *Decatur Co.,* 72 Ind. 551; *Anderson* v. *City of Mayfield,* 19 S. W. Rep. 598.)

CUDDEBACK, J.   The plaintiff is a municipal corporation organized under the Village Law of the state.   The defendant owns land within the village for which he has been assessed and taxed in the annual tax levy.   This action was brought in Justice's Court to recover the tax. The defendant by his answer alleged that the tax was ille-

gal. The answer also contained two counterclaims based upon contract. The justice rendered judgment dismissing the complaint as to the tax and awarding judgment in favor of the defendant upon the counterclaims. The judgment of the justice has been affirmed by the County Court and by the Appellate Division of the Supreme Court. The Appellate Division has certified that in its opinion a question of law is involved in the action which ought to be reviewed by the Court of Appeals.

The question to be considered is whether a counterclaim against a village can be sustained in an action brought to recover a tax.

The Village Law (Cons. Laws, ch. 64) provides the usual remedies of levy and sale for the collection of a tax, and in section 126 further provides as follows: "After the lapse of thirty days from the return of the collector, an action may be maintained, *as upon contract*, by the village, to recover the amount of an unpaid tax  *  *  * ."

But for this statutory authority the village could not maintain an action at law to collect the tax. (*City of Rochester* v. *Bloss*, 185 N. Y. 42.) It is argued on behalf of the defendant that the statute also opens the door to the counterclaims pleaded.

The court has reached the opposite conclusion. The obligation of the tax does not rest on contract. It is a statutory liability imposed upon all the inhabitants of the state defined as taxable, to the end that they may contribute their just share to the expenses of government. (*City of Rochester* v. *Bloss*, *supra*.) The legislature did not change the nature of the obligation by providing that the village might collect the tax in an action " as upon contract." The intention was to provide an additional and convenient remedy for enforcing the tax. In some municipal charters it has been provided that taxes upon land may be collected by foreclosure of the tax lien and a sale of the land through an action in

equity, as the lien of a mortgage is foreclosed, but with regard to village taxes the legislature gave an action at law in which the judgment may be enforced by execution.

If the quality of the tax was not changed by section 126 of the Village Law, then the defendant's counterclaim cannot be allowed. Section 501 of the Code of Civil Procedure provides that in an action upon contract the defendant may set up in his answer as a counterclaim any other cause of action on contract. This is not such a case. It is the substance of the plaintiff's cause of action, and not the form of the action, which determines the right of setoff, and the plaintiff's cause of action is not upon contract.

But passing all questions which rest merely upon a strict or liberal construction of the statutes, the reason why a counterclaim cannot be set up against a tax will be found to lie much deeper. The reason will be found in the Village Law itself. The amount of the annual tax levy in villages and the various purposes for which taxes are imposed are fixed and defined in advance of the levy and the money raised must be expended for the purposes so defined. If the taxpayer can properly refuse to pay his tax when called upon by the collector because he has a claim for services against the village which is not included in the tax levy, it is plain that some legitimate and necessary village expenditure must be curtailed. If the taxpayer's claim is disputed the collection of the tax must await and abide the result of a lawsuit and meanwhile the financial affairs of the village will be thrown into great confusion.

Therefore, public policy requires that taxes be paid and that claims against the village be collected in independent proceedings. If such claims are admitted by the village trustees they may be included in the tax levy. If disputed the claims must be reduced to judgment and so collected.

The general rule prevailing throughout the United

States is that taxes are not subject to counterclaim or setoff on the part of the taxpayer. (See cases cited in note, 34 Cyc. p. 656.) A much plainer declaration by the legislature than is found in section 126 of the Village Law should be required before it is held that a different rule exists in this state with regard to any tax whatsoever.

The judgment below should be reversed and judgment ordered dismissing the plaintiff's complaint and the defendant's counterclaim, but with costs to the plaintiff appellant in the Appellate Division and in this court.

CULLEN, Ch J., GRAY, WERNER, CHASE, COLLIN and MILLER, JJ., concur.

Judgment reversed, etc.