GEORGE CARSON BOYD, D. B. A., *v.* JOHN A. DILLMAN, The Collector of Taxes for the Southern District for the City of Wilmington, P. B. R.

232

(*February* 4, 1938.)

HARRINGTON, J., sitting.

*Thomas Herlihy, Jr.*, Assistant City Solicitor, for plaintiff.

*Robert G. Harman* for defendant.

Superior Court for New Castle County, Action of Debt for the collection of City Taxes, No. 183, May Term, 1936.

HARRINGTON, J., delivering the opinion of the Court:

This is an action of debt for the collection of unpaid taxes on a lot on McLane Street in the City of Wilmington from 1925 to 1934 inclusive. The plaintiff's claim, also, includes interest on the taxes assessed and a record search fee of $20.00. All of these taxes were assessed to Charles H. Gant, the former owner of the lot in question, though he had conveyed it to Mr. Boyd, the defendant in the court below, in the later summer or early Fall of 1924, but he had never recorded his deed.

In defense of the action, Mr. Boyd claims:

1. That the tax assessments against the McLane Street lot were not made by the Assessment Board, but merely by one of its members, and are, therefore, void.

2. That, even if these assessments are valid, by reason of the general statute of limitations, applicable to an action of debt, only taxes for the last three years can be collected in this action.

3. That in any aspect of the case, as the taxes in controversy were not assessed to him, under the provisions of the statute no more than four years unpaid taxes can be collected in this action.

The defendant concedes, however, that, by reason of certain provisions of the tax statute, interest can be collected on such of these taxes as are collectible; and that the plaintiff, the city tax collector, can, also, collect a fee of $20.00 paid for searching the county records before this suit was brought.

*Chapter* 121 of *Volume* 28, *Laws of Delaware,* provides for the creation of a Board of Assessment for the City of Wilmington, composed of three members, whose duty it shall be to fix the value of the land and all buildings thereon, within its limits, for city and school tax purposes. Two of the members of the Assessment Board are appointed by the Mayor. Those members are required to "devote their entire time to the work of the Board, or such time as may be necessary and expedient to make good, fair, equal, faithful and complete assessments of property in the City of Wilmington," *Section* 2, and any vacancy in that Board must be filled by the Mayor.

The building inspector of the City of Wilmington is, also, an ex officio member of the Assessment Board; but his right to vote is limited to questions before the Board, arising on the appeal of a taxable from an assessment made by the other two members, or when those members do not agree on some question before it.

An assessment for tax purposes must be made according to the provisions of a statute providing for it. *Cooley on Taxation,* § 1046; *Frieszleben v. Shallcross,* 9 *Houst.* 1, 100, 19 *A.* 576, 8 *L. R. A.* 337; *Murphy et al. v. Mayor of City of Wilmington,* 6 *Houst.* 108, 136, 22 *Am. St. Rep.* 345; *Curry v. Jones,* 4 *Del. Ch.* 559, 566. If, therefore, the act provides that the assessment shall be made by a Board of two or more members, depending on the circumstances, as in this case, it must be made by the joint act of the members of that Board, authorized to make it; and if

it is merely made by one member of it without the action and concurrence of the other member or members, authorized to vote on the particular question, it is void. 37 *Encyc. of Law* and *Proc.* 983; 25 *Amer. & Eng. Encyc. of Law* 204.

From the evidence in this case, I am satisfied, however, that the assessments on the lot in question for tax purposes for the years 1925 to 1934 inclusive were properly made by the duly authorized members of the Board, acting in concert, and not merely by one member of it, as is contended by the defendant. He, therefore, has no defense to this action on that ground.

*Section* 5129 of the *Code of* 1935 provides: "No action of debt not found upon a record or specialty, * * * shall be brought after the expiration of three years from the accruing of the cause of such action."

Whether that section of the code was intended to apply to the action of debt provided for in the city tax statute is, however, one of the questions to be determined. That Act, *Chapter* 119, *Volume* 28, *Laws of Delaware,* as amended by *Chapter* 119, *Volume* 33, *Laws of Delaware,* among other things provides for the collection of taxes:

1. By "suit in an action of debt;" and "the said suit shall be against the person to whom the land * * * is assessed, or in case the land * * * is owned by any person to whom it is not assessed, then suit may be entered against the owner * * * of said land * * * or against any other person whose duty it is to pay the said tax." *Section* 11, as amended by *Section* 1, *Chapter* 119, *Volume* 33, *Laws of Delaware.*

2. That such suits "may be brought against the guardian or trustee and judgments recovered against them shall be binding upon the land * * * of the persons they represent." *Section* 12, c. 119, *Vol.* 28, *Laws of Delaware.*

3. By attachment in "case any owner of real or personal property who is assessed for City or School taxes is a nonresident. * * * Said writ of attachment shall be framed, directed, executed and returned and like proceedings had as in other cases of attachment in this state, except that the Collectors of Taxes shall only be required to make and file with the Prothonotary an affidavit stating that the defendant resides out of the State and that he is justly indebted for City * * * taxes in the sum of——— Dollars." *Section* 13, *c.* 119, *Volume* 28, *Laws of Delaware.*

4. By the distraint and sale of personal property. *Section* 26, *c.* 119, *Volume* 28, *Laws of Delaware.*

5. That the tenant of property "on which any city taxes remain unpaid" shall, on notice in certain cases, be "personally liable for the taxes due on said property, and the same may be recovered in the same manner as is provided in this act for the recovery of taxes." *Section* 34, *c.* 119, *Vol.* 28, *Laws of Delaware.*

6. That "if any person is taxed for several parcels of real estate or for personal property and real estate in the same tax, the whole of such person's taxes may be collected either out of the real or personal estate or any part thereof, provided that no land alienated shall be sold if the person taxes [taxed] has other sufficient property out of which said taxes may be lawfully collected." *Section* 14, *c.* 119, *Vol.* 28, *Laws of Delaware.*

7. That "execution may be had upon a judgment for taxes as upon other judgments in the Superior Court; provided, however, that in any case where real property is sold upon execution on a tax judgment it shall not be necessary to issue a writ of inquisition." *Section* 17, *c.* 119, *Vol.* 28, *Laws of Delaware.*

8. That all city and school taxes "lawfully assessed on real estate * * * shall constitute a prior lien thereon

for a period of four years from the first day of July succeeding the assessment of said taxes, but if the said real estate remains the property of the person to whom it is assessed, then the lien shall continue until the tax is collected, and may, with all incidental costs and expenses, be levied by sale thereof as hereinbefore provided." *Section 23, c. 119, Vol. 28, Laws of Delaware.*

9. That in case of the sale on execution process "of any real estate upon which such tax liens shall exist, such lien shall be transferred to the fund arising from such sale" and the said real estate shall be discharged from the lien, except in certain specified cases. *Section 24, c. 119, Volume 28, Laws of Delaware.*

10. That if "any property is sold under any of the provisions of this Act, the proceeds of such sale shall first be applied to the satisfaction of the judgment and costs under which such property is sold, then to the payment of any unpaid City * * * taxes assessed against such property before any of the proceeds of such sale shall be applied to any liens of record existing against said property." *Section 25, c. 119, Vol. 28, Laws of Delaware.*

The defendant contends that the various provisions of this statute, relating to suits, clearly show that it intended to make an unpaid tax a debt, but I am unable to agree with that contention.

Generally speaking, a tax is an impost levied for the support of the government, or for some special purpose, or by some agency having certain governmental functions delegated to it, such as a municipal corporation. It is not based on a contract, either express or implied, as the consent of the taxpayer is not necessary for its collection. A tax, therefore, is in no sense a debt, within the ordinary meaning of that term. *Meriwether v. Garrett, 102 U. S. 472, 26 L. Ed. 197; Camden v. Allen, 26 N. J. L. 398; Vil-*

*lage of Charlotte v. Keon,* 207 *N. Y.* 346, 100 *N. E.* 1116, 46 *L. R. A. (N. S.)* 135, *Ann. Cas.* 1914*C,* 338; *Dillon on Mun. Corp.,* § 1414; *Cooley on Taxation,* §§ 22, 1329.

Perhaps it may be made a debt by the provisions of the particular statute where such an intent clearly appears (*Tevander v. Ruysdael,* (7 *Cir.*) 299 *F.* 746; *Matter of Hoffman's Estate,* 42 *Misc.* 90, 85 *N. Y. S.* 1082; see, also, *Cooley on Taxation,* § 1330, *note*), but the mere fact that a statute provides for the collection of a tax, by an action of debt, either against the person assessed, or, in case the land is owned by some other person, against that person; by an attachment against a non-resident owner, or otherwise, is not sufficient to make it a debt, within the ordinary meaning of that term. Such provisions merely relate to the procedure for the collection of a tax, and do not change its character. *Meriwether v. Garrett,* 102 *U. S.* 472, 26 *L. Ed.* 197; *Camden v. Allen,* 26 *N. J. L.* 398; *Village of Charlotte v. Keon,* 207 *N. Y.* 346, 100 *N. E.* 1116, 46 *L. R. A. (N. S.)* 135, *Ann. Cas.* 1914*C,* 338.

When the tax statute in question is read as a whole, it is apparent that this is true, though before the attachment against a non-resident, provided for by *Section* 13, can issue, the affidavit filed must state that the defendant "is justly indebted for city * * * taxes in the sum of $———". See *Village of Charlotte v. Keon,* 207 *N. Y.* 346, 100 *N. E.* 1116, 46 *L. R. A. (N. S.)* 135, *Ann. Cas.* 1914*C,* 338. In that case, the statute, *Village Law, Consol. Laws N. Y.* 1909, *c.* 64, § 126 under which the Village was incorporated, among other remedies for the collection of taxes, provided that an action might be maintained by the village "as upon contract." The court held that but for that provision, no action at law, for the collection of a tax, could be maintained; that the nature of the obligation of the taxable was, however, not changed by it, and that the defendant had no right of set-off in such an action. The court,

also, said "It is the substance of the plaintiff's cause of action, and not the form of the action, which determines the right of set-off, and the plaintiff's cause of action is not upon contract. * * * A much plainer declaration by the Legislature * * * should be required before it is held that a different rule exists."

The plaintiff's action, therefore, is not on a debt held by the city in its proprietary character, as is claimed by the defendant. See *City of Burlington v. Burlington & M. R. R. Co.*, 41 *Iowa* 134.

Where the statute does not contain an inconsistent provision, there are cases which hold that the general statute of limitations applies to an action for the collection of taxes. Perhaps this is usually because the action is based on a liability in the nature of a debt, created by the tax statute. The cases cited by the defendant are in that class (*Bristol v. Washington County*, (*Minn.*) 177 *U. S.* 133, 147, 20 *S. Ct.* 585, 44 *L. Ed.* 701; *City of Burlington v. Burlington & M. R. R. Co.*, 41 *Iowa* 134), but other cases hold that the general statute of limitations does not apply in an action to collect a tax. See *Cooley on Taxation*, § 1402.

Whatever the rule may be in some states, and notwithstanding the broad language of our general statute of limitations, with respect to an action of debt, the contention made by the defendant, based on that statute, is absolutely inconsistent with the provisions of the city tax statute itself. That is apparent from *Section* 23 of that Act. As we have seen, that section not only makes city and school taxes, assessed on real estate "a prior lien thereon for a period of four years from the first day of July succeeding the assessment of said taxes"; but, also, provides "if the said real estate remains the property of the person to whom it is assessed, then the lien shall continue until the tax is collected, and may, with all incident costs

and expenses, be levied by sale thereof as hereinbefore provided."

The latter provision necessarily refers to a sale on a judgment and execution thereon in an action of debt, as provided for by prior sections of the statute.

■ The rights of the City Tax Collector were therefore not intended to be confined to a cause of action accruing within three years. The apparent purpose of this section of the statute is to make all city and school taxes, lawfully assessed on real estate, prior liens on it for, at least, four years from July 1 in the year in which they are assessed; and prior liens thereon until they are paid, if the land taxed "remains the property of the person to whom it is assessed". But the words "to whom it is assessed" cannot be construed literally. Both parties concede that an action for the collection of taxes is necessarily based on a valid assessment, but whatever the common law rule may have been, *Section 8 of Chapter 121 of Volume 28, Laws of Delaware,* provides that a mistake in the name of the owner of land assessed "shall not affect the validity of the assessment of any tax based thereon."

■■ As I view it, the latter part of *Section 23 of Chapter 119, Volume 28, Laws of Delaware,* was clearly for the protection of subsequent grantees and owners of lands, on which the city and school taxes might be unpaid for more than four years. Mr. Boyd is not in that class as he still owns the McLane Street lot. The fact, therefore, that it was incorrectly assessed to a prior owner from 1925 to 1934 inclusive does not affect the right of the City Collector to a tax judgment against Mr. Boyd for the unpaid taxes on that lot.

An order for the entry of judgment for the plaintiff will be entered in accordance with this opinion.

244

NOTE.—In the matter of cross petitions of Chandler and Dillman, Tax Collector, to draw money out of court (Superior Court for New Castle County, No. 1, May Term, 1937),[1] heard at the November Term, 1937, it appeared that certain lands and premises in the City of Wilmington had been sold in March, of 1937, on an alias writ of *Levari Facias* (No. 11, May Term, 1937) on a mortgage of Lilburn Chandler against Fidance, Inc., a corporation of the State of Delaware.

At the time of the sale, the City taxes assessed against that property for the years 1930 to 1933, inclusive, and for 1935 and 1936 had not been paid. Dillman, the Tax Collector, claimed that under the provisions of *Section* 24, *c.* 119, *Volume* 28, *Laws of Delaware,* all of these taxes were liens on the property when it was sold, and that they should be paid out of the proceeds of the sale.

In 1934, the Chancellor had appointed a Receiver for Fidance, Inc., on the ground of insolvency, and pursuant to his order the lands and premises, covered by the Chandler mortgage, had been conveyed by that corporation, the defendant in that mortgage, to the Receiver.

Mr. Chandler did not deny that the taxes for the years 1933, 1935 and 1936 were liens on the property sold, and should be paid out of the proceeds of the sale. He claimed, however, that, because the title to such property had been transferred to the Receiver of Fidance Corporation, the taxes assessed against it for the years 1930, 1931 and 1932 were not liens on said property when it was sold, and, therefore, could not be paid out of that fund. The taxes for those years amounted to $310.45, which Mr. Chandler claimed should be applied to his mortgage, and not to the unpaid taxes.

---

[1] No opinion for publication.

Because of the conflicting claims to that portion of the proceeds of the sale, that sum was paid into court on the petition of the Sheriff, and both parties filed petitions to draw it out.

The court (Harrington, Richards and Speakman, J. J.) held that the conveyance of the property of a corporation to a Receiver appointed for it was not such a change of title under the provisions of *Section* 24, *Chapter* 119, *Volume* 28, *Laws of Delaware,* as to restrict the lien for unpaid city taxes on that property to four years from July 1 in the year in which they were assessed.

The prayer of the petition of the Tax Collector to draw out the sum in controversy was, therefore, granted.