In the Matter of SARAH K. SCHWARTZ, an Insane Person.

*New Castle, January 16, 1946.*

*Dudley C. Lunt,* for petitioner.

*August F. Walz,* Assistant City Solicitor, for the collectors of taxes.

PEARSON, Vice-Chancellor: In 1943, by an order of this court, the trustee was authorized to sell several parcels of real estate located in Wilmington, which had belonged to the insane person. The proceeds of sale were distributed in accordance with a subsequent order, and certain amounts were paid on account of city taxes and street and sewer liens. The proceeds of sale were insufficient to pay in full the city taxes due with respect to the properties. The tax collectors each made claims against the trustee for such deficiencies which aggregate $597.40, and which, if paid, must be paid out of cash or personal property constituting the sole remaining funds of the estate. In a brief on behalf of the collectors, they contend:

"A claim for the unpaid balance of delinquent City and School Taxes may be asserted against and paid from the unsegregated funds of the estate of an insane person after the real property, against which such taxes were assessed, has been sold by an order of the Chancellor, made in the administration of such estate, where the proceeds of such sale are insufficient to pay in full the lien of the City and School Taxes assessed against such real property."

The trustee takes the position that the taxes were "merely a charge against the property," and that upon the exhaustion of the proceeds of sale, there remained no obligation on the part of the former owner to pay the deficiency.

Whether the former owner is personally liable to pay the deficiency depends upon a construction of the statutes

authorizing the assessment and collection of the taxes. 3 *Cooley on Taxation* (*4th Ed.*) § 1327. The statutes applicable are "An Act creating a Board of Assessment for the City of Wilmington and Providing the Means and Method by which said Board shall assess Property therein for the Purpose of Raising Revenue for City and School Purposes," 28 *Laws of Del. c.* 121; "An Act providing for the Collection of Taxes for the City of Wilmington," 28 *Laws of Del., c.* 119, as amended by 33 *Laws of Del., c.* 119; and by the *monition tax statute,* 36 *Laws of Del., c.* 143. The portions of these acts having a bearing upon the present question are quoted or summarized in two opinions of the Superior Court: *Boyd v. Dillman,* 9 *W. W. Harr.* 231, 197 *A.* 830; and *Pottock v. Mellott,* 2 *Terry* 361, 22 *A. 2d* 843.

It seems to me that these cases, and particularly the *Boyd* case, furnish the governing principle to be applied in the situation now presented. In the *Boyd* case, the court held that an action of debt (as authorized by the tax collection statute) for delinquent taxes on lands in Wilmington was not barred by the statute of limitations relating to the ordinary action of debt, although the dates when such taxes became due were not within the statutory period. Chancellor (then Judge) Harrington said in the opinion 9 *W. W. Harr.* 240-242, 197 *A. page* 834:

"The defendant contends that the various provisions of this statute, relating to suits, clearly show that it intended to make an unpaid tax a debt, but I am unable to agree with that contention.

"Generally speaking, a tax is an impost levied for the support of the government, or for some special purpose, or by some agency having certain governmental functions delegated to it, such as a municipal corporation. It is not based on a contract, either express or implied, as the consent of the taxpayer is not necessary for its collection. A tax, therefore, is in no sense a debt, within the ordinary meaning of that term. *Meriwether v. Garrett,* 102 *U. S.,* 472, 26 *L. Ed.* 197; *Camden v. Allen,* 26 *N. J. L.* 398; *Village of Charlotte v. Keon,* 207 *N. Y.* 346, 100 *N. E.* 1116, 46 *L. R. A.,* (*N. S.*) 135, *Ann. Cas.* 1914 *C.* 338; *Dillon on Mun. Corp.,* § 1414; *Cooley on Taxation,* §§ 22, 1329.

"Perhaps it may be made a debt by the provisions of the particu-

lar statute where such an intent clearly appears (*Tevander ·v. Ruys-dael*, 7 *Cir.*, 299 *F.* 746; *Matter of Hoffman's Estate*, 42 *Misc.* 90, 85 *N. Y. S.* 1082; see, also, *Cooley on Taxation*, § 1330, note), but the mere fact that a statute provides for the collection of a tax, by an action of debt, either against the person assessed, or, in case the land is owned by some other person, against that person; by an attachment against a non-resident owner, or otherwise, is not sufficient to make it a debt, within the ordinary meaning of that term. Such provisions merely relate to the procedure for the collection of a tax, and do not change its character. *Meriwether v. Garrett*, 102 *U. S.* 472, 26 *L. Ed.* 197; *Camden v. Allen,* 26 *N. J. L.* 398; *Village of Charlotte v. Keon*, 207 *N. Y.* 346, 100 *N. E.* 1116, 46 *L. R. A.* (*N. S.*) 135, *Ann. Cas.* 1914*C*, 388 * * * *.

"The plaintiff's action, therefore, is not on a debt held by the city in its proprietary character, as is claimed by the defendant. See *City of Burlington v. Burlington & M. R. R. Co.*, 41 *Iowa* 134."

In the *Pottock* case, where the constitutionality of the monition tax statute was challenged, Chief Justice Layton said, 2 *Terry* 370, 371, 22 *A.* 2d page 848:

"There is a tacit condition annexed to the ownership of property that it shall contribute to the public revenue in such manner and proportion as the legislative will shall direct. Land need not be assessed to any particular person unless the statute requires it, and the Legislature has authority to provide that property shall be assessed without any reference to the name of the owner. 3 *Cooley, Taxation*, § 1095; *Del Castillo v. McConnico*, 168 *U. S.* 674, 18 *S. Ct.* 229, 42 *L. Ed.* 622; *Witherspoon v. Duncan*, 4 *Wall.* 210, 217, 18 *L. Ed.* 339. Under the assessment statute applicable to the City of Wilmington it is manifest that the tax is assessed against the land, the name of the owner, last owner, or reputed owner, being expressly declared to be only an aid in the identification of the property."

To hold that the former owner here is personally liable for the tax deficiencies remaining after the application of the full proceeds of sale of the lands concerned would be manifestly inconsistent with the reasoning of the cited cases. That reasoning will be adopted and followed in this proceeding. Accordingly, the trustee should be instructed not to pay the demands of the collectors out of the trust funds presently held.

An order accordingly will be advised.