Rebecca LEVINE, Plaintiff,

v.

Louis A. LEVINE, Defendant.

Civ. A. No. 2411.

United States District Court
D. Delaware.

Oct. 4, 1962.

Julian D. Winslow, Wilmington, Del., for plaintiff.

Oliver V. Suddard (of Wise & Suddard), Wilmington, Del., for defendant.

LAYTON, District Judge.

Rebecca Levine brings this action against her former husband for reimbursement of funds expended by her during coverture for support of herself and the children of the marriage. Federal jurisdiction is based on the diverse citizenship of the parties. This opinion is limited to the sole question of whether defendant's affirmative defense of the Statute of Limitations bars plaintiff's recovery.

For present purposes, we assume the following facts to be true: That plaintiff and defendant were married in Philadelphia, Pennsylvania, in 1913; that children of this marriage were born in Philadelphia in 1914, 1918, and 1923; that defendant deserted plaintiff in 1925; that plaintiff obtained a support order against defendant in the Municipal Court of Philadelphia in April, 1926, providing for herself and the children in the amount of $15 per week; that as of October 19, 1931, defendant was in arrears $1055; that plaintiff obtained a final decree in divorce in Philadelphia on December 12, 1955, on grounds of desertion; that defendant, ignoring repeated demands by the plaintiff, paid nothing to plaintiff from October, 1931, until the divorce in 1955, thus forcing plaintiff to expend about $44,000 to support herself and the children.

Plaintiff admits that the latest date on which she provided support for the children was February 22, 1944, when the youngest child attained majority. Obviously, the last date on which plaintiff can claim support from defendant for herself is December 12, 1955, the date of the divorce. Since suit was filed January 4, 1962, her claim for reimbursement would be barred by both the Delaware three year Statute of Limitations, 10 Del. C. § 8106, and the Pennsylvania six year Statute of Limitations, 12 Pa.Stat.Ann. § 31, if either is applicable to this cause of action.

■ All agree that the United States District Court sitting in diversity jurisdiction in Delaware must apply the Delaware Statute of Limitations. Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, (1945). Likewise, we must apply the Delaware conflict of laws rules. Klaxon Co. v. Stentor Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Under Delaware law, a cause of action arising outside the State cannot be enforced in Delaware after the expiration of whichever is shorter, the time limited by Delaware or the time limited by the law of the state where the cause of action arose. 10 Del.C. § 8120. In this case, if a statute of limitations applies at all, it would be the three year Delaware statute rather than the six year Statute of Limitations of Pennsylvania, where the cause of action arose.

■ Defendant contends that the Delaware Statute of Limitations applicable to the facts of this case is as follows:

"* * * no action to recover a debt not evidenced by a record or by an instrument under seal [and] * * * no action based on a statute * * * shall be brought after the expiration of 3 years from the accruing of the cause of such action; * * *." 10 Del.C. § 8106.

The precise issue in this case is whether Mrs. Levine's claim for reimbursement is either an "action to recover a debt" or an "action based on a statute." Either categorization will bar her recovery. Although the substantive issues in this case are governed by the law of Pennsylvania, where all of the operative facts took place, the remedial issue as to whether the Delaware Statute of Limitations is a bar requires a Delaware interpretation of the meaning of the word "debt" and of the meaning of the words "no action based on a statute" appearing in 10 Del.C. § 8106. Bank of United States v. Donnally, 8 Pet. 361, 33 U.S. 361, 8 L.Ed. 974 (1834); Burns Mortgage Co. v. Hardy,

94 F.2d 477 (1st Cir. 1938); Southern Package Corp. v. Walton, 196 Miss. 786, 18 So.2d 458 (1944); Saltzman v. Saltzman, 189 F.Supp. 36 (E.D.Pa.1960). More precisely, if a wife's suit for reimbursement of support expenditures is viewed in Delaware as an action to recover a debt or an action based on a statute within the meaning of its statute of limitations, the plaintiff has no remedy in this Court notwithstanding a contrary Pennsylvania characterization of the same facts. What, then, is the nature of plaintiff's claim under Delaware law?

Generally, the duty of a husband to support his wife and children is grounded on the public policy. As said in 41 C.J.S. Husband and Wife § 15, p. 406:

> "The obligation of the husband to support his wife, or the right of the wife to receive support cannot be accurately defined. It arises out of the marital relationship, is provided for by law as a matter of public policy, and is not dependent on contract * * *."

While the Delaware cases bearing on the problem do not say so in so many words, it is apparent from examining them that they support the authority just quoted from the text of Corpus Juris. Compare Biddle v. Frazier, 3 Houst. 258 (Del.Super.Ct.1866); Fredd v. Eves, 4 Har. 385 (Del.Super.Ct.1846).

■ It is apparent from a review of the authorities that the obligation of a husband to support his wife and family, being founded upon the public policy, is not an obligation founded upon an implied contract; rather it is founded upon quasi contract. Greenspan v. Slate, 12 N.J. 426, 97 A.2d 390, 392 (1953); Adler v. Adler, 171 Pa.Super. 508, 90 A.2d 389 (1952); Kriedo v. Kriedo, 159 Md. 229, 150 A. 720 (1930); De Brauwere v. De Brauwere, 203 N.Y. 460, 96 N.E. 722 (1911); Restatement, Restitution ¶ 76, Illustration 5. And it would seem that

Fredd v. Eves, supra, really stands for this proposition where the Court says:

> "When husband and wife live together, he is bound to provide her with necessaries suitable to her condition and circumstances in life; and the law, from the mere fact of cohabitation, presumes the authority and consent of the husband to the wife's contracts for such necessaries."

■ The crucial question here is whether the obligation of a husband for the support of his wife and children represents a debt within the meaning of 10 Del.C. § 8106. Since this is a diversity case governed by Delaware law and since the Delaware Courts have never decided this precise question, I must look to the authorities generally in order to conclude as best I can how the Delaware Supreme Court would decide this question if presented to it. Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Bittner v. Little, 270 F.2d 286 (3rd Cir. 1959).

While, as just noted, the Delaware Courts have not decided this point, the Superior Court did hold that the mere fastening upon a person of an obligation to pay taxes is not a debt within the purview of Sec. 5129 Rev.Code 1935.[1] In Boyd v. Dillman, 9 W.W.Harr. 231, 197 A. 830 (1938), the question arose whether a tax obligation of the City of Wilmington was a debt barred by our three year statute of limitations. The Court, through Chancellor, then Judge, Harrington said this at page 834 of 197 A.:

> "Generally speaking, a tax is an impost levied for the support of the government, or for some special purpose, or by some agency having certain governmental functions delegated to it, such as a municipal corporation. It is not based on a contract, either express or implied, as the consent of the taxpayer is not necessary for its collection. A tax, therefore, is in no sense a debt, within the ordinary meaning of that

---

1. The forerunner of the present statute of limitations, 10 Del.C. § 8106.

term. Meriwether v. Garrett, 102 U.S. 472, 26 L.Ed. 197; Camden v. Allen, 26 N.J.L. 398; Village of Charlotte v. Keon, 207 N.Y. 346, 100 N.E. 1116, 46 L.R.A.,N.S., 135, Ann. Cas.1914C, 338; Dillon on Mun. Corp. § 1414; Cooley on Taxation, §§ 22, 1329.

"Perhaps it may be made a debt by the provisions of the particular statute where such an intent clearly appears [citations], but the mere fact that a statute provides for the collection of a tax, by an action of debt, * * * is not sufficient to make it a debt, within the ordinary meaning of that term. * * *"

And in Pike v. Satterthwaite, 1 Terry 595, 15 A.2d 430 (1940), the question of whether the widow's allowance of $500 was a debt of her husband's estate came before the Court, which said:

"The right of a widow under Section 3876 is not, however, a debt or demand against the estate in the usual significance of the terms. The right, or claim, does not arise from a concept of consent, express or implied, on the part of the decedent or his personal representative."

And respectable authority exists in other states for the same proposition. Thus, in Anderson v. Anderson, 183 N.C. 139, 110 S.E. 863 (865) (1922), the Supreme Court of North Carolina had this to say:

"[A husband's duty to support wife] is not a mere incident of contract, but it arises out of the very nature and purpose of the marriage relation; and this relation civilized mankind regard as the only stable foundation of our social and civil institutions. Hence both law and society demand that the marriage relation be recognized, respected, and maintained, and that the husband's duty to support his wife and their offspring be awarded higher sanction than the straight contractual obligation to pay value for a yoke of oxen or a piece of land. The defendant

therefore cannot escape the performance of his duty to support the plaintiff [wife] on the ground that *he sustains toward her the relation of a mere debtor."* (Emphasis supplied.)

In Fanchier v. Gammill, 155 Miss. 316, 124 So. 365, 366 (1929), a Nevada Court had awarded a wife alimony which, because of arrearages, she was forced to reduce to a judgment in Mississippi. The husband refusing to pay the judgment was cited for contempt and raised the plea that imprisonment for debt was prohibited by the Constitution of Mississippi. The Mississippi Supreme Court said, *inter alia*:

"The obligation of the husband to support his wife is not a contractual one, that is, is not founded exclusively in contract, but is founded * * * partially upon public policy. It is a public duty established by law, and *is not a debt in the ordinary sense of that term, or in the sense of the [Mississippi] Constitution prohibiting imprisonment for debt."* (Emphasis supplied.)

To the same effect, see State v. Latham, 136 Tenn. 30, 188 S.W. 534 (Tenn.Sup. Ct.1916).

In Commonwealth v. The Keeper of the Jail, 4 Pa. (Serg. & R.) 505, a soldier was incarcerated for failing to support his wife and children. He plead as a defense a federal statute which prohibited the arrest of any soldier for a debt under $20 contracted before or during enlistment. The Pennsylvania Supreme Court held that the obligation to support a wife and family was not a debt within the meaning of the Federal statute.

In Moorehead's Estate, 289 Pa. 542, 137 A. 802, 806, 52 A.L.R. 1251 (1927), the trustees of a spendthrift trust in favor of a husband were enjoined in Chancery from paying the income from the trust to him. One of the questions before the Court was whether the language of the spendthrift trust referring to "contracts or debts" was such as to preclude

the claims of petitioner's wife for support arrearages. The Court said this:

" 'The marriage contract has not the elements of ordinary contractual relations. That contract is a life contract, imposing upon the husband the support and maintenance of the wife in sickness and in health during life, contingent only on the termination by decree of court for statutory reasons.' Keezer on Marriage, § 55.

" 'The duty of the husband to support the wife is not dependent upon contract.' 30 C.J. 517.

"These are accordingly primal obligations under the marriage relation imposed immemorially upon the husband, and which do not fall within the range of the nature or the meaning of a debt. Every debt of course is an obligation, but every obligation is not a debt. Sonnesyn v. Akin, 12 N.D. 227, 97 N.W. 57. A debt is a sum of money due by contract, express or implied. But a tax is not a debt. It is not founded upon contract. It does not establish the relation of debtor and creditor between the taxpayer and the state. Perry v. Washburn, 20 Cal. 318. When an alien secures citizenship it becomes his duty to support and protect the commonwealth as far as possible. But he has made no contract to that effect. Similarly the duty of a husband to provide for and protect his family becomes a duty upon his marriage, a fundamental duty, not a debt.

\* \* \* \* \* \*

"Conformably to what has been said above, we are of opinion that testatrix intended that the terms she employed in her will to create a trust in favor of her grandson should be understood and used in the sense in which such words are ordinarily understood and used, and that she did not contemplate or intend that the words 'contracts or debts' should apply to and include those natural obligations and duties which a husband, in the light of humanity, of sound social order, and by the requirements of the law, owes to his wife. The words 'contracts,' 'debts,' and 'creditors,' under the circumstances of this case, should be restricted as originally employed and not extended to deprive the wife of her support."

Substantially on point is Saltzman v. Saltzman, above cited, where a wife sued a husband for reimbursement of support expenditures in the United States District Court for the Eastern District of Pennsylvania. The defense of the statute of limitations was raised. The Pennsylvania Statute of Limitations is as follows:

" \* \* \* All actions of debt grounded upon any lending, or contract without specialty, \* \* \* shall be commenced and sued within \* \* \* six years next \* \* \*."

The Court held that the substantive law of New York where the operative facts happened applied, but that the law of Pennsylvania must be resorted to for a determination of the correct interpretation of its statute of limitations. Judge Wood held that inasmuch as the law of Pennsylvania regarded obligations arising from the duty to support as quasi contractual, the obligation sued on was not barred by the language of the Pennsylvania statute relating to obligations "grounded \* \* \* upon any contract." He stated, *inter alia*:

"It is settled law in Pennsylvania that actions founded only on express or implied contracts fall within the limiting phrase; and actions founded upon quasi-contracts do not."

█ It is my conclusion that the Delaware Courts would hold in the case at bar that the obligation sued on arising, as it did, out of a quasi contract, or obligation imposed by law, was not a debt within the meaning of § 8106 of the Delaware Statute of Limitations. Accordingly, § 8106 does not bar this cause of action.

█ Finally, defendant argues that § 8106 bars plaintiff's claim to the extent

of support arrearages for his children because of the language, "no action based on a statute * * *." He points to 13 Del.C. § 702 as a statute compelling a father to support his minor children. While § 702 does compel a father to support his minor children, the statute is merely a declaration of the Delaware common law. Spruance v. Spruance, 113 A. 2d 877 (Del.Ch.1955). And such statutes are very generally regarded as not being encompassed by such language as "no action based upon a statute" appearing in statutes of limitations. As said in 53 C.J.S. Limitations of Actions § 83, at p. 1051:

> "A statutory period of limitation for an action on a liability created by statute * * * as prescribed by many statutes, applies only where the liability is one which would not exist but for the creative statute."

See also, Tobacco and Allied Stocks, Inc., v. Transamerica Corp., 143 F.Supp. 323, 327 (D.C.Del.1956), aff'd, 244 F.2d 902 (3rd Cir.1957).

▇▇ In conclusion, the result here seems harsh, permitting, as it does, the maintenance of an action based upon an otherwise very stale claim. Laches are plead as a defense, but the claim here is essentially at law, not in equity, Cohen v. Markel, 111 A.2d 702, 707 (Del.Ch. 1955), and laches would not seem to be available as a defense. Judge Wood in Saltzman, where the claim was 30 years old, came to his conclusion reluctantly, but the result seems inescapable if the classical distinction between implied contracts and quasi contracts is to be maintained. Many states have avoided this problem by including within the bar of their statutes of limitations obligations arising under quasi contracts.[2] Delaware has not. In the final analysis, assuming the truth of the facts alleged, while the claim is very old, nevertheless, defendant was not caught by surprise because it is alleged that the plaintiff

throughout the years had made constant demands for the money and, moreover, the defendant originally created the situation by deserting his wife and children.

Plea of statute of limitations denied.

▇▇▇▇▇▇

2. See, e. g., Paramount Film Distributing Corp. v. Tracy, 176 N.E.2d 610, 616 (Ohio Com.Pl.1960); Boston Safe Deposit & Trust Co. v. Boyd, 139 Kan. 411, 32 P.2d 218, 92 A.L.R. 1355 (1934).