JANE R. SCARLETT, MARY S. PENNOCK, CHARLES J. PENNOCK, PHOEBE S. HARVEY, ELLIS M. HARVEY, ANNIE C. SCOTT, SAMUEL H. SCOTT and CATHARINE FOX,

*vs.*

JULIUS G. CLEAVER.

*New Castle, Feb.* 13, 1929.

252

*Robert G. Harman*, for complainants.

*Charles F. Curley*, for defendant.

THE CHANCELLOR. There are two theories upon which the complainants rely as justifying the present bill. They are first, that the complainants are entitled to have their title quieted by removing the alleged cloud therefrom which the more particular description in the trustee's deed is said to have created; and second, that inasmuch as the more particular description is erroneous in that it embraces more land than does the general description set out in the petition for partition and repeated in the trustee's deed just ahead of the more particular one, this court should reform the deed of the trustee, its own officer or agent, so as to make it conform in its description to the exact language of description found in the petition for partition.

As to the first theory, the bill is not sustainable because the complainants have failed to show themselves to be in possession

of the land. The defendant in his answer denies the complainant's possession and avers not only that he has title to the land in controversy, but that he has been in the exercise of the rights of absolute and exclusive owner thereof ever since he became purchaser at the trustee's sale. The answer puts in issue the fact of possession by the complainants. The complainants have failed to produce evidence sustaining their side of the issue. What evidence there is upon the question shows the defendant to have been in exclusive possession. Where the complainants' title is a legal one, he must, in order to sustain a bill to remove a cloud therefrom, be in possession. This is the general rule, subject only to an exception in favor of those cases where the circumstances are such that the law cannot furnish full and complete relief. 2 *Pomeroy, Eq. Rem.* (*2d Ed.*) § 731. Inasmuch as there are no circumstances in the instant case rendering inadequate the relief which the law can afford, it follows that the bill is not sustainable as one to remove a cloud from the complainants' title.

As to the second theory upon which the bill is sought to be supported, the underlying thought which the solicitor for the complainants appears to rely upon is that a trustee appointed in partition proceedings to make sale of certain described real estate, must, when the sale is confirmed and a deed ordered, describe the premises in the deed executed by him in exact accordance with the language of description found in the petition, and if different language is used the court by whose authority the deed is made ought to direct its reformation.

The practice in partition causes does not call for an approval by the court of the form of the deed made or proposed to be made by the trustee. When the sale is approved by the court, the trustee is ordered to make a deed conveying title to the premises sold. The extent of the trustee's authority to convey is limited to the premises described in the petition and sold by him. If, in the exercise of that authority, he undertakes to convey more than was so described, his deed is void as to the excess, and if the fact is apparent on the record, the deed will in effect be reformed. *Chapman v. Branch*, 72 *W. Va.* 54, 78 *S. E.* 235. So controlling is the description in the petition over the description in the deed, that in ejectment proceedings the jury will be instructed that the

deed is void as to any excess, if in fact it purports to convey more than is described in the petition. *Blackwell v. Townsend,* 91 *Ky.* 609, 16 *S. W.* 587; *Agan, et al., v. Shannon, et al.,* 103 *Mo.* 661, 15 *S. W.* 757; *Minor v. Lumpkin, et al., (Tex. Civ. App.)* 29 *S. W.* 800.

In the pending case the exact language of the description as it appears in the petition is repeated in the deed. That description is very general. Immediately after this general description follow the words "and more particularly bounded and described as follow, to wit," after which a more particular description is set out. The complainants contend that this more particular description is in fact erroneous in that it embraces more land than does the immediately preceding one. Now this is certainly true, that the particular description does not on its face assume to cover more land than the general one found both in the deed and in the petition. In this respect, the case is different from *Chapman v. Branch, supra,* where the deed's excess over the petition was manifest. Here, however, if the second description is not in truth a more particular description of the same land as is described in the first, as it purports to be, the only way the fact can be ascertained is by a recourse to evidence extrinsic of the petition and deed. The lines of the two descriptions will have to be laid down on the ground in order to discover their coincidence or their disparity as the case may be. There is no reason why such a dispute over a purely legal title cannot be tried out in a legal forum which is the appropriate tribunal for its determination. It does not belong in the Court of Chancery. The complainants being out of possession and having been out of possession ever since the partition sale, could at any time since then and can now sue in ejectment at law. Ejectment, if their case is a good one, will give them full and complete relief, for if the particular description in the deed covers more than the general one in the petition and does in fact run over on the complainants' land, the court will instruct the jury that the deed is void as to the excess.

The bill will be dismissed.