DELAWARE ASSOCIATION OF POLICE, a corporation of the State of Delaware,

*vs.*

ANGELO A. JULIAN.

*New Castle, August 4, 1952.*

*Thomas Herlihy, Jr.*, and *Morris Cohen*, for plaintiff.

*P. Warren Green*, for defendant.

SEITZ, Chancellor: The question is whether plaintiff can convey to defendant a marketable fee simple title to a certain piece of real estate.

Plaintiff contracted to sell defendant a lot located at the south west corner of 23rd and Locust Streets, Wilmington. The contract contained the usual language that the seller agreed to convey a good marketable fee simple title clear of all liens and encumbrances. Prior to the settlement date the defendant's attorney notified the plaintiff's attorney that he would not consummate the contract because plaintiff did not have a fee simple title.

The material undisputed facts are set forth in the pleadings and admissions of fact. This is the decision on cross motions for summary judgment.

Plaintiff obtained title to the lands in question by way of a tax deed from the sheriff who sold such lands for delinquent County taxes under the so-called County Monition Law, being *Chapt.* 133 *of Vol.* 46 *Laws of Del.* Since all of defendant's objections concern themselves with the validity and effect of the action taken under the Monition Law it is necessary to detail the proceedings in connection with the tax sale. For our purposes it may be said that the County Monition Law is the same as the statute applicable to the city of Wilmington passed upon in *Pottock v. Mellott*, 2 *Terry* 361, 22 *A.2d* 843.

On February 11, 1948 the Receiver of Taxes and County Treasurer of New Castle County filed with the Prothonotary a praecipe against Diamond Quality Homes, Inc., Irving Ruben Plaien, et al., and Plaien Construction Company. It set forth that taxes for the years 1938 to 1946 were owing in the sum of $64.69 on the Locust Street property. The property was described as it appeared on the county assessment rolls. Tax bills for the years in question were attached. It appears that the property was assessed to Irving R. Plaien in 1938, to Diamond Quality Homes, Inc., in 1939 and to Plaien Construction Co., from 1940 to 1946.

Pursuant to the praecipe a judgment was entered on February 11, 1948 in the appropriate docket in favor of the Receiver of Taxes and against the property described in the praecipe. The judgment set forth that it was for taxes for the years 1938 to 1946 in the amount of $64.69 and described the property as it appears on the assessment rolls. The judgment shows the names of those to whom it was assessed as though the taxes were assessed to all of them during the entire period. The amount of the judgment was not allocated among them.

A monition was issued on February 13, 1948 and posted on the property on February 16, 1948. A writ of *venditioni exponas* was issued on March 16, 1948 reciting that the named defendants "were

convicted of the debt". The sheriff's return recites that the property was advertised for sale and sold to the plaintiff.

On March 30, 1950 plaintiff filed his petition for a sheriff's deed with the Superior Court. The petition alleged that the sale was approved by the court on May 3, 1948; that more than one year had expired from the date of the approval of the sale and that the property had not been redeemed. On the same date an order was entered directing the execution of the deed by the sheriff.

The defendant claims that there are four defects in plaintiff's title:

(1) The owner of the property was not named in accordance with the requirement of the monition statute.

(2) The right of redemption is still outstanding because there was no affirmative action taken by the court to approve the sale; such action being necessary to start the running of the one year redemption period.

(3) The plaintiff's chain of title is defective because there is no record to show a transfer from one of the plaintiff's predecessors in title to a later title holder.

(4) The tax sale did not discharge a judgment lien which was existent against one of the plaintiff's predecessors in title at the time of the tax sale.

█ Defendant's first objection is based on that part of *Paragraph* 1381*A* of the monition statute which states that the "Praecipe shall contain the name of the person against whom the taxes sought to be collected were assessed." Defendant says the records are so set up that they show all three parties as the parties to whom the property was assessed from 1938 to 1946, which was not the case. He makes a related objection that a lump sum judgment for the total amount of the taxes also violates the statute. I cannot agree with either contention.

The statute authorizes the listing of the person against whom the taxes sought to be collected were assessed. While language showing them as assessed to different persons for different years

might have been desirable it was not necessary because of the nature and purpose of this statute. The important point is that the statute explicitly makes the judgment a judgment against the property. It is not a personal judgment against those named. See *In re Schwartz*, 29 *Del.Ch.* 30, 45 *A.2d* 461. This being an *in rem* proceeding of a special nature the fact that there is such a lump sum judgment and that the assessed owners for the various tax years are not differentiated neither violates the statutes nor illegally prejudices them. See *Pottock v. Mellott, supra.*

■■ Defendant next argues that under the monition statute plaintiff's title is faulty because the right of redemption is still outstanding. His argument goes this way: *Section 41B of Par. 1381A* of the monition statute provides that the owner and others may redeem "within one year from the day the sale thereof is approved by the Court * * *"; such court approval must be positive and affirmative; contrary to the recital in the sheriff's deed there was no such court approval; the practice of automatic confirmation of sheriff's sales made under writs of *venditioni exponas* on the first Friday of each term unless some petition is filed is not authorized by statute or rule; there being no statutory approval the right of redemption is outstanding.

Plaintiff relies solely on the automatic approval arising from the long standing practice under *vend.exp.* writs in the Superior Court. Defendant says in effect that this practice does not fulfill the statutory requirement.

In approaching this problem it is important to keep in mind that the Legislature was not under any constitutional duty to grant any right of redemption. This being so the only problem is to determine just what the statute provides and then see whether there has been compliance with the statute as construed.

■■ The statute provides for the right to redeem within one year but it does not provide for notice of the right to redeem. Thus a person seeking to redeem would have to ascertain the date of court approval in order to determine when the year for redemption commenced. The statute provides that upon application

"* * * a writ of Venditioni Exponas shall issue out of the office of the said Prothonotary directed to the Sheriff commanding the Sheriff to sell the property mentioned or described in said writ and make due return of his proceedings thereunder in the same manner as is now applicable with respect to similar writs of Venditioni Exponas issued out of the said Superior Court."

Plaintiff says and it is the fact that under the long established practice and rule these writs are automatically confirmed on the first Friday of the term if no petition is filed. See 2 *Woolley on Delaware Practice*, § 1107. That same practice and rule existed in the Superior Court at the time of this sale. See *Superior Court Rule* 69(aa) and (d). But defendant says this practice does not apply here because the statute only says the sheriff is to make return in the same manner as is normally the case with respect to *vend.exp.* writs. This is done on the opening day of the term. Defendant argues that the procedure concerning confirmation which the statute requires is not the customary procedure but an affirmative order confirming the sale. Defendant says this follows from the need for some easily ascertainable date for the commencement of the redemption period and from the fact that the statute says the Superior Court "may" on the return of the writ inquire into the regularity of the proceedings and either approve or disapprove. As to the first of defendant's reasons, I feel that the practice and rule fix a terminal date with legal certainty. As to the second reason, I note that the statute uses the word "may" which I deem to be permissive in this setting.

There is no reason suggested why these sales should be treated differently than other similar sales. In any event I conclude that the customary method of dealing with approval of sales under such writs was the one contemplated by the statute, or, if you will, such method constitutes an approval which complies with the statute. This general approach to matters not explicitly appearing in the statute was approved in *Pottock v. Mellott, supra.*

I therefore conclude that the sale received the necessary statutory approval and thus the period for redemption had expired when plaintiff received his sheriff's deed.

■ Defendant's third argument is that there is a defect in plaintiff's title because there is a break in the record chain of title

to the entity in whose name the property was assessed at the date of the tax sale. There is no merit to this contention because the action was in rem and the question of irregularity in the chain of title is not a relevant objection. The statute is conclusive on this point.

Defendant argues finally that the judgment lien against one of the plaintiff's predecessors in title was not discharged by the tax sale. On January 26, 1942 a judgment was entered against Irving Ruben Plaien. Since there is no deed of record from him to Diamond Quality Homes, Inc., the next alleged owner, I shall assume a valid lien was then created even though the property was then of record in the name of Plaien Construction Co.

It is clear that at least some of the county taxes for which the property was sold constituted a lien superior to the judgment lien because some of the taxes here involved were then owed. The general statute concerning priority of taxes is found in *Code* 1935, *Par.* 3351; see also *Code* 1935, *Par.* 1348.

Defendant suggests however that the sale for taxes did not discharge the judgment lien. The question is whether the sale under a superior tax lien gave the purchaser a title free and clear of the judgment lien. While the county monition statute does not state in so many words that liens are extinguished by sale thereunder, I conclude that such a sale has that effect. The statute provides that the monition itself shall be directed, *inter alia*, to all persons having or claiming a lien and shall constitute notice to any one having an interest in the property. It also provides that if the property is redeemed it is subject to the pre-existing liens in the same order of priority except in so far as they are discharged or reduced by the application of the proceeds from the sheriff's sale. Moreover, while a dictum, the Court in Banc in *Pottock v. Mellott, supra,* in passing upon a substantially similar statute applicable to the city of Wilmington, declared that all liens and encumbrances were extinguished by a sale under the statute. The dictum of the court in the *Pottock* case appears to be supported by authority. Compare *Parker v. Baxter, 2 Gray (Mass.)* 185; *Davis v. Allen, 224 Mass. 551, 113 N.E. 364; 3 Cooley, Taxation (4th Ed.)* § 1240.

It is true that the county monition statute, in its provision which recites the title acquired by the purchaser, does not mention the discharge of liens. Nevertheless, I am persuaded to conclude that the judgment lien was discharged and transferred to the assets by virtue of the considerations which I have mentioned.

I conclude that there is no merit to any of the objections raised by the defendant to the plaintiff's title. Plaintiff is therefore entitled to the specific performance of the contract. Plaintiff's motion is granted and defendant's denied.

Order on notice.