NATHAN WALTER SUPLEE, GEORGE J. SCHULZ and MARY D. SCHULZ, L. P. FAUCETT, INC., a corporation of the State of Delaware, MADISON M. GRAY, CARL SPRINGER, INC., a corporation of the State of Delaware, suing in their own behalf and in behalf of all others similarly situated,
Plaintiffs,

*vs.*

JOHN P. ECKERT and GAIL BOND ECKERT,
Defendants.

*Sussex, February 23, 1956.*

*James M. Tunnell, Jr.,* of Tunnell & Tunnell, Georgetown, for plaintiffs.

*Stewart Lynch, Alfred R. Fraczkowski,* and *Hiram W. Warder,* of Hastings, Lynch & Taylor, Wilmington, and *Peter P. Zion* and *Elihu A. Greenhouse,* Philadelphia, Pa., for defendants.

SEITZ, Chancellor: This is the decision on defendants' motion to dismiss plaintiffs' complaint seeking to remove a cloud on their title to real estate.[1]

---

1. Plaintiffs also assert title on the basis of equitable estoppel but, in view of my decision, it is not necessary to consider that doctrine here.

Plaintiffs allege that they own and are in possession of certain pieces of real estate in the area known as Fenwick Island. They claim title through an October 10, 1939, sheriff's deed resulting from a mortgage foreclosure. Defendants claim title to the same lands through a tax deed dated April 17, 1936.

Defendants say that the tax sale destroyed prior liens including the mortgage, the subsequent foreclosure of which forms the basis of plaintiffs' title.[2] Plaintiffs argue that the tax sale did not destroy the mortgage lien and the subsequent mortgage foreclosure wiped out defendants' tax sale title.

Plaintiffs request an order cancelling the recorded deeds through which defendants claim title. They thus seek to remove the cloud which such deeds cast on plaintiffs' title.

Defendants have moved to dismiss the complaint for failure to state a claim. Their reasons may be summarized as follows:

1. The Court of Chancery cannot try an action to remove a cloud on title unless the title has first been established at law.

2. The Court of Chancery cannot properly try an action to remove a cloud where the plaintiff has an adequate remedy at law.

Let us consider defendants' first ground that this action cannot be tried until the title has been established at law. Equity's jurisdiction over actions to remove a cloud on the title to real estate has long been recognized. However, as defendants argue, it is true in Delaware that when the alleged cloud arises from a matter of record as opposed to a circumstance which must be proved by extrinsic evidence, equity will leave the plaintiff to his law action, unless some other basis of equity jurisdiction appears. See *Murphy v. Mayor, etc. of City of Wilmington*, 6 *Houst.* 108; *Catts v. Smyrna*, 10 *Del.Ch.* 263, 91 *A.* 297. Although the rule adopted in the *Murphy* case has been forcefully criticized by Mr. Pomeroy (*Vol.* 4, 5*th ed.* § 1399), it is, as a decision of the old Court of Errors and Appeals, binding on this Court.

2. Defendants also contend that certain irregularities rendered the foreclosure invalid. This issue cannot be considered on the present state of the pleadings.

■ The issue involved in this case, equitable estoppel aside, clearly relates to a dispute concerning matters of record—did the tax sale wipe out the existing mortgage? Therefore, under the *Murphy* case the plaintiffs must first establish their title at law unless other grounds of equity jurisdiction appear.

■ Plaintiffs contend that they have no adequate remedy at law. Defendants argue that there are three adequate remedies at law available to these plaintiffs:

1. An action in ejectment.

2. An action for a declaratory judgment.

3. Intervention in the existing ejectment action at law.

Let us examine defendants' contentions in order. Plaintiffs allege that they are in possession.[3] Historically an action of ejectment was only available to a plaintiff out of possession. Indeed his judgment, if successful, gave him the right to possession. It was not conclusive as to title. See 2 *Woolley on Delaware Prac.* § 1585-6, 1612. The so-called ejectment statute, 10 *Del.C.* § 6702, which now permits a determination of title, is in my opinion likewise only available to a plaintiff out of possession. Thus the statute says that title may be tried "based upon a cause of action in ejectment". One of the common law prerequisites to such an action was a plaintiff out of possession. The statute also provides that "if the premises for which the action is brought are actually occupied by any person such actual occupant shall be named defendant in the action". This strongly suggests that the statute was not designed for the use of a plaintiff in possession.

Since these plaintiffs allege that they are in possession, here taken to be true, I conclude that they would have no remedy at law under the ejectment statute.

Under their second argument defendants seem to imply that the declaratory judgment statute, 10 *Del.C.* § 6501, constitutes a blanket

3. Defendants suggest that plaintiffs are not in possession. However, the Court assumes the truth of the allegations for present purposes.

grant of jurisdiction to various state courts without relation to existing jurisdictional limitations. The declaratory judgment statute in my view did not increase or enlarge the jurisdiction of any of the courts mentioned therein. Thus the statute did not change the jurisdictional relationship between the Superior Court and the Court of Chancery. See *Maine Broadcasting Co. v. Eastern Trust & Banking Co., (Me.)* 49 A.2d 224 ; 1 *Anderson, Declaratory Judgments (2nd ed.)* § 123 ; Borchard, *Declaratory Judgments (2nd ed.)* Page 233. From this premise it follows that these plaintiffs could obtain a declaratory judgment in the Superior Court respecting their title only if they could have maintained an ejectment action at law. Any less demanding test would result in a jurisdictional alteration of the historic division between law and equity in this state. Since I have concluded that these plaintiffs, being in possession, could not maintain an ejectment action at law it follows that they could not obtain a declaratory judgment at law determining such title.

■■ Finally, defendants suggest that plaintiffs could intervene in the existing ejectment action at law. Concededly the issue of the scope of the tax sale title is involved in that action. But none of the plaintiffs is a party to the pending law action and that action admittedly only encompasses a very small portion of the land subject to the alleged cloud. While it might be true, although plaintiffs argue to the contrary, that these plaintiffs would be permitted to intervene in the law action because of their interest in the legal question, such relief would not constitute adequate relief because it would not finally determine their title. I say this because in an ejectment action the Court only decides title to the lands actually before the Court. Indeed, the statute requires the plaintiff to set forth a description of the lands claimed. While the Court may decide a question common to a greater land area, its decision applies only to the particular land involved in the action. This being so, I conclude that intervention in the pending action at law would not provide these plaintiffs with an adequate remedy.

It follows from the foregoing that these plaintiffs have no adequate remedy at law. Consequently, there exists in this action to remove a cloud on title that independent basis of equity jurisdiction

recognized in *Murphy v. City of Wilmington,* above. No question of discretion is now involved. Defendants' motion to dismiss must be denied. Other contentions of the parties need not be considered.

Order on notice.