193 A.2d 205 (1963)
HIGHLIGHTS FOR CHILDREN, INC., a corporation of the State of Delaware, Plaintiff,
v.
Howard CROWN, Defendant.
Court of Chancery of Delaware, New Castle.
July 31, 1963.
*206 Blaine T. Phillips, of Berl, Potter & Anderson, Wilmington, for plaintiff.
E. N. Carpenter, II, and William E. Wiggin of Richards, Layton & Finger, Wilmington, for defendant.
SEITZ, Chancellor.
Plaintiff corporation seeks a determination under our Declaratory Judgment Act as to whether certain shares of its stock registered in defendant's name were validly issued. The certificates evidencing such shares are admittedly held by plaintiff at the present time as security for an obligation. Plaintiff asks that the shares of stock be cancelled of record and that plaintiff be directed to make appropriate book entries to that effect. The defendant has moved to dismiss in this court for lack of equity jurisdiction of the subject matter, and this is the decision thereon.
Defendant contends that the court lacks jurisdiction of the cause because all the issues raised herein are cognizable in a court of law. He further urges that the parties can obtain complete and adequate relief without resort to equitable remedies, since the certificates representing the shares and the appropriate books are in plaintiff's possession or control. Thus, defendant concludes that under the facts alleged in the complaint plaintiff has selected an improper forum.
First, I think it sound law that if this plaintiff, absent the Declaratory Judgment Act, could have invoked equitable jurisdiction, such jurisdiction is not now lost merely because the case is couched in terms of a declaratory judgment action. Any other approach would seriously impair the efficacy of the declaratory judgment statute at least insofar as this court is concerned.
The issue as I see it then is whether the complaint sounds in equity by any pertinent test. There is no claim of fraud, etc. The sole basis of doubt as to the legality of the issuance of certain of the shares arises from a claim that such shares were issued without consideration in violation of a provision of the Delaware Constitution. Parenthetically, plaintiff alleges that payment for such shares was made by promissory note. Of course, the merits of the controversy are of no concern here.
Defendant contends that there is no need here for the judicial act of cancellation, since the plaintiff, having the stock certificates in its possession, can by means of self-help destroy the instruments once the validity or invalidity of the shares is adjudicated in a court of law. Thus, defendant says that the facts show that plaintiff does not really need any equitable remedy and that this situation is not altered merely by plaintiff's inserting a meaningless prayer which smacks of equitable relief. Certainly the prayers are not controlling and so the court must consider what plaintiff's complaint really seeks.
In the first instance the plaintiff corporation seeks a judicial determination that the shares in question were invalidly issued. Let us assume for a moment that the certificates had in fact been destroyed prior to the time suit was brought. If plaintiff had then sought a judgment ordering the "cancellation" of the shares, would equity have entertained the matter? Surprisingly, research has failed to produce a single authority bearing either on our hypothetical question or on the unusual set of circumstances that are now before the court. Nevertheless, while the present matter is not wholly free from doubt, I believe that it falls within the traditional bounds of equity jurisdiction.
In Bush v. Hillman Land Co., 22 Del.Ch. 374, 2 A.2d 133, Chancellor Wolcott held that where certificates of corporate stock were issued without consideration to a supposed stockholder, the corporation in seeking to cancel such shares had no adequate remedy in the courts of law. "This suit is one", he said "where the non-existence *207 of alleged stock is sought to be decreed and all appearance of its pretended existence obliterated. The fundamental concept lying at its foundation is equitable in nature and not within the scope of the law's notice."
The Chancellor there indicated I think that the judicial act of cancelling corporate shares goes beyond the mere destruction of the physical evidence of such shares. At bottom, the action involves a determination of rights as between the defendant and all other stockholders as to their respective interests in the corporation's assets. Thus, this is not the usual type of suit involving an ordinary intangible obligation. It partakes of something in the nature of a class action. Furthermore, it involves the kind of controversy over property rights which could not have been litigated by the corporation in a court of law in anticipation of some legal action by the supposed stockholder, but respecting which equity would probably have entertained a bill quia timet. Consequently, since an action to cancel the shares would lie in equity in any event, the fact that such certificates are in plaintiff's possession is of no real concern here. I conclude therefore that this court has jurisdiction of the matter now before it, and defendant's motion is denied.
Present order on notice.