NEW CASTLE COUNTY VOLUNTEER FIREMEN'S ASSOCIATION, a corporation of the State of Delaware and the Delaware Volunteer Firemen's Association, a corporation of the State of Delaware, Defendants Below,

Appellants,

and

JOSEPH DAYTON, HARRY LAMBERT and HARRY ROBERTS, JR., members of the Levy Court of New Castle County, an agency of the State of Delaware, William B. Crompton, Treasurer of New Castle County, State of Delaware, Defendants Below,

*vs.*

BELVEDERE VOLUNTEER FIRE COMPANY, a corporation of the State of Delaware, Plaintiff Below,
Appellee.

*Supreme Court on Appeal, July 13, 1964.*

*Oliver V. Suddard* and *Richard Allen Paul*, Wilmington, for appellants.

*Theophilus R. Nix*, Wilmington, for appellee.

TERRY, C. J., and WOLCOTT and CAREY, JJ., sitting.

WOLCOTT, Justice: This is an appeal from a final judgment of the Court of Chancery ordering the Secretary of New Castle County Volunteer Firemen's Association (hereafter New Castle) to certify to the Levy Court of New Castle County, and the Secretary of Delaware Volunteer Firemen's Association (hereafter Delaware) to certify to the State Treasurer that Belvedere Volunteer Fire Company (hereafter Belvedere) had met the statutory requirements under 9 *Del.C.* § 1902, and 52 *Laws, Ch.* 141, necessary to entitle it to receive certain County and State appropriations.

The action as first instituted sought the following relief:

1. To restrain the refusal to give Belvedere its pro rata share of the special tax levied on gross premiums of Fire Insurance Companies and disbursed by the State Treasurer to the County Treasurers for

use in assisting the maintenance of fire companies. See 18 *Del.C.* §§ 2705 and 2706.

2. To restrain the refusal of the Levy Court to place Belvedere on the New Castle County Fire Call Board to the same extent as other volunteer fire companies of New Castle County.

3. To compel the certification of Belvedere by the Secretary of Delaware that it is a duly organized and equipped fire company within the requirements of 52 *Laws, Ch.* 141, and thus entitled to the State money appropriated by that Act.

4. To compel the certification of Belvedere by the Secretary of New Castle that it is a regularly organized and motorized fire company within the requirements of 9 *Del.C.* § 1902, and thus qualified to receive annual appropriations from the Levy Court made pursuant to that statute.

Number 1 has been made moot by a stipulation dated September 20, 1963, approved by the Vice Chancellor, that thereafter Belvedere shall receive its pro rata share of the special tax imposed on fire insurance premiums by 18 *Del.C.* §§ 2705 and 2706.

Number 2 has been made moot by the action of the Levy Court in placing Belvedere on the County Fire Call Board to the same extent as other volunteer fire companies in the county.

Counsel agree that the first two prayers for relief have now become moot for the stated reasons. This appeal in fact is taken from the Vice Chancellor's ruling in Numbers 3 and 4 that the respective secretaries shall certify Belvedere as duly organized and equipped for fire fighting, and thus entitled to the appropriations involved.

With respect to Number 3, we are of the opinion that it, too, has become moot. Our reason for so thinking is that 52 *Laws, Ch.* 141, is an appropriation act for the fiscal years beginning July 1, 1959 and July 1, 1960. It is in no sense a continuing annual appropriations act. The time has long since expired for it to have any legal effect.

Counsel for Belvedere looks upon 52 *Laws, Ch.* 141, as typical and as enacted in this form annually by the General Assembly, at the same time conceding that, in the past, by separate appropriation act a similar sum has been appropriated annually to Belvedere, without the certification by the Secretary of Delaware thought to be required by 52 *Laws, Ch.* 141.

Be this as it may, the fact is that no act in the form of 52 *Laws, Ch.* 141, is currently in force. To the contrary, by 54 *Laws, Ch.* 115, the General Assembly appropriated for the fiscal year beginning July 1, 1963 the sum of $1750.00 to each of designated fire companies throughout the State. By Section 2 of this Act, $1750.00 was appropriated to Belvedere.

■ Since there is no provision in this Act for certification by anyone, it seems to us that a change of policy in this respect has been inaugurated by the General Assembly. What, if any, provision has been made in this respect for the current fiscal year, we do not know. However, no current statute has been called to our attention under which the Secretary of Delaware is authorized to certify in connection with these appropriations. This being so, the question of whether or not the Secretary can be forced to certify is academic. This portion of the judgment below must therefore be reversed. If, in the future, the question arises again, Belvedere may renew its request for relief.

This leaves Number 4. 9 *Del.C.* § 1902, is as follows:

"§ 1902. Fire companies in New Castle County; appropriations for

"(a) The Levy Court of New Castle County may appropriate the sum of $1,500 annually, to each of the regularly organized and motorized fire companies in New Castle County, outside of the City of Wilmington, for the maintenance and upkeep of their fire equipment.

"The said sum of $1,500 shall be paid by the Levy Court of New Castle County to each of the fire companies entitled thereto,

as certified by the Secretary of the New Castle County Volunteer Firemen's Association on the first day of May of each year."

'Counsel and the Vice Chancellor have in effect construed 9 *Del.C.* § 1902, as permitting annual appropriations by the Levy Court of $1500.00 only to volunteer fire companies certified by the Secretary of New Castle as regularly organized and motorized. We think the arguments of counsel also make it plain that all are in agreement that the General Assembly can confer on the Secretary of New Castle the duty and right to so certify. Since counsel are in apparent agreement upon this statutory construction, we accept it for the purposes of this appeal, particularly since this construction avoids a possible challenge under the Fourteenth Amendment for unjustly discriminating between parties in similar circumstances. *Cf. Yick Wo v. Hopkins*, 118 *U.S.* 356, 6 *S.Ct.* 1064, 30 *L.Ed.* 220.

It is clear to us that Belvedere has established as a fact that it is regularly organized and motorized to the extent necessary to qualify it under 9 *Del.C.* § 1902. It is thus eligible to receive an annual appropriation from the Levy Court. Under the agreed upon construction of the statute, concurred in by the Levy Court, it will receive that to which it is entitled only if certified by the Secretary of New Castle. For this reason the Vice Chancellor ordered the Secretary to so certify Belvedere.

New Castle does not suggest that Belvedere does not qualify under the statute. It argues solely that since Belvedere has established its qualifications, the act of certifying by its Secretary is purely ministerial and in no sense discretionary and that, accordingly, Belvedere's remedy lies in the Superior Court by a petition for a Writ of Mandamus to compel the performance of a nondiscretionary act.

We disagree with New Castle's argument. When originally commenced this action was properly instituted in Chancery since it sought injunctive relief. To be sure, the controversy is now largely moot and the one remaining issue could possibly be made the basis of an action for a Writ of Mandamus, but we express no opinion upon this. However, when once jurisdiction is properly obtained by Chan-

cery, it will go on to decide the whole controversy, even though to do so involves the giving of a purely legal remedy. *Wilmont Homes, Inc. v. Weiler, Del.*, 202 *A.2d* 576 (decided July 6, 1964). We accordingly affirm that portion of the judgment below ordering the Secretary of New Castle to certify *Belvedere* under 9 *Del.C.* § 1902.

The judgment below is reversed in part and affirmed in part, and the cause is remanded for further proceedings, if necessary, not inconsistent with this opinion.