**JEFFERSON CHEMICAL COMPANY, Inc.,**
a Delaware corporation, Plaintiff,

v.

**MOBAY CHEMICAL COMPANY,** a Delaware corporation, Defendant.

Court of Chancery of Delaware.

New Castle.

May 7, 1969.

William Poole, E. Dickinson Griffenberg, Jr., and Michael D. Goldman, of Potter, Anderson & Corroon, Wilmington, and Clelle W. Upchurch, Washington, D. C., for defendant.

DUFFY, Chancellor:

The issue for decision involves the subject matter jurisdiction of the Court of Chancery in a declaratory judgment action.

I

On January 26, 1966 Jefferson Chemical Company, Inc., a Delaware corporation (Jefferson), plaintiff, entered into a written contract with defendant, Mobay Chemical Company, a Delaware corporation (Mobay). Mobay thereby assigned to Jefferson all right, title and interest in and to certain patents and a patent application including U. S. Letters Patent No. 3102875 (Heiss patent) and U. S. Patent Serial Number 758890. In return Jefferson granted Mobay certain patent rights and agreed to make payments amounting to $90,000.

Article V of the contract required Jefferson to re-assign the patents to Mobay at the end of two years, unless during that period a license was granted under the Heiss patent or Jefferson had filed at least one complaint in a Federal District Court charging at least one party with infringement. The article further provided that if Jefferson terminated such a suit "without obtaining a judgment on the question of infringement or without granting a license on terms no less favorable to Jefferson than those recited" in the agreement, Jefferson would be obliged to re-assign the patents to Mobay.

Within the two-year period Jefferson filed a complaint in the United States District Court for the Northern District of Illinois against The General Tire & Rubber Company (General Tire), alleging infringement of the Heiss patent. Thereafter General Tire began an action against Jefferson in the United States District

James M. Tunnell, Jr., and Paul P. Welsh, of Morris, Nichols, Arsht & Tunnell, Wilmington, Carl G. Ries, Houston, Tex., and John R. Allen and James R. Sweeney, of Hofgren, Wegner, Allen, Stellman & McCord, Chicago, Ill., for plaintiff.

Court for the Southern District of New York asking for a declaration that the Heiss patent was invalid and that it had not been infringed by General Tire. In addition, General Tire moved to dismiss Jefferson's Illinois complaint on the ground of improper venue.

After the two-year period provided for in Article V had expired, Jefferson filed an answer and a counterclaim in General Tire's New York action. The counterclaim alleged precisely the same claim of infringement asserted in the Illinois complaint. Venue having been established in New York, and to avoid unnecessary expenditure of time and money, Jefferson consented to the entry of an order dismissing its Illinois complaint. Jefferson continues to prosecute the counterclaim.

After the Illinois complaint had been dismissed, Mobay advised Jefferson that it considered that move to be within the scope of Article V so as to require re-assignment of the patents. Jefferson took a position contra and then filed this suit for a declaratory judgment.

Jefferson's prayers for relief are as follows:

"A. That the Court determine the respective rights of the parties in the premises and declare that Jefferson's rights as assignee of the disputed patents continue unimpaired by the dismissal of its complaint in the United States District Court for the Northern District of Illinois, in view of the continuation of the litigation of the same cause of action in a different District.

"B. In the alternative, that the Court decree a reformation of the literal wording of paragraph 5.1C of the contract (hereto attached as Exhibit 'A') in such a manner as to make clear that Jefferson was not intended by the contracting parties to suffer a forfeiture by voluntary dismissal of a complaint incident to a change of forum, where the same claim against the infringer continues to be prosecuted in the new forum."

Mobay moved under Rule 12(b) to dismiss the action, alleging that the Court lacks jurisdiction over the subject matter and that the complaint fails to state a claim upon which relief can be granted. This is the decision on the motion.

II

Relying on City of Wilmington v. Delaware Coach Company, Del.Ch., 230 A.2d 762 (1967), Mobay argues that the complaint asks the Court to construe a contract, and therefore must be dismissed for lack of jurisdiction because there is an adequate remedy at law. It says that merely because an equitable remedy "may" be required to give full effect to a judgment in Jefferson's favor, Chancery jurisdiction is not thereby established.

■ *Delaware Coach* holds that the Declaratory Judgment Act, 10 Del.C. § 6501, does not increase or enlarge this Court's jurisdiction and does not change the jurisdictional relationship between the Superior Court and the Court of Chancery. The law of the case is that unless there is some special basis for equity jurisdiction, measured by traditional standards, this Court does not have jurisdiction in a declaratory judgment action.

But it does not follow that the measure is made without reference to the nature of the relief identifiable from the record. If that were the law, then every declaratory judgment action involving construction of a contract would have to be started in the Superior Court, no matter the kind of relief called for by the record. Such a rule would be inconsistent with the decisions in both *Delaware Coach* and Suplee v. Eckert, 35 Del.Ch. 428, 120 A.2d 718 (1956) because it *would* change the jurisdictional relationship between the law and equity courts.

■ It is my view that subject matter jurisdiction in a declaratory judgment action in Delaware is determined without reference to the declaratory judgment statute. In short, the Court applies precisely

the same criteria it would if the statute were not there. Highlights for Children, Inc. v. Crown, 41 Del.Ch. 244, 193 A.2d 205 (1963). That criteria includes, in this Court, the availability of a sufficient remedy at law. In other words, equitable relief, or the right thereto, is a special basis for equity jurisdiction, measured by traditional standards; equity assumes jurisdiction to provide relief which is not available at law. 30 C.J.S. Equity § 40. And as to remedy, the Court observed in *Highlights for Children* that the prayers for relief are not controlling; so they are not. The Court must consider what the complaint really seeks.

In *Delaware Coach* a declaration of rights under the contract was sought, but continuing viability of the contract was the fundamental question. A contract, breach and termination were alleged. Whether or not the contract had been effectively terminated was the key issue and a ruling as to that was what the complaint really sought. Damages for breach of contract, and the right of the City to contract with another party were, of course, related factors. But injunctive relief was present only as a mere possibility incident to the declaration of rights.

Here the complaint and the record are of a quite different character. The contract in question vested legal title to the patents in Jefferson, a matter not disputed by Mobay. Mobay says that Jefferson's dismissal of the Illinois complaint entitled it to demand re-assignment of title. Thus there is a dispute between the parties as to whether or not Mobay is entitled to have the patents re-assigned. At the time suit was filed, however, Mobay had not taken action to secure return of the patents, nor had it interfered with Jefferson's legal ownership.

On this record the question immediately arises as to the form of relief which would be granted to Jefferson if it prevails. In terms of the approach taken in *Highlights for Children*, what is it that plaintiff's complaint really seeks? It obviously wants more than a mere declaration that no damages are required to be paid, or that there has not been a "violation" of the contract. It seeks a ruling and an order which will prevent Mobay from interfering with the exercise of whatever rights Jefferson is found to have under the contract. It seeks an order which will effectively stop Mobay from taking any action to remove title to the patents or to otherwise interfere with Jefferson's right to use the patents in accordance with the contract (which includes an assignment to Jefferson of "all right, title and interest in * * * [specified patents] * * * together with the right to collect, sue for and/or settle any and all claims * * * for infringement * * *." There are also immunities running to both Jefferson and its licensees).

An assignee of patent rights may obtain equitable relief against acts of the assignor in derogation of the rights which he has assigned. 4 Deller's Walker on Patents (2d ed) § 379. And the owner of an interest in a patent may maintain a suit in equity to establish his ownership. 69 C. J.S. Patents § 241. An injunction will lie to protect patent rights under an assignment or other transfer. Walker on Patents, supra.

When the test as to the remedy at law is applied, it is quite clear that it is neither complete nor sufficient. Therefore this Court has subject matter jurisdiction. 27 Am.Jur.2d, Equity, § 95; 30 C.J.S. Equity § 25.

### III

I next turn to Mobay's motion to dismiss the complaint for failure to state a claim upon which relief can be granted.

In its complaint Jefferson alleges that it

"* * * believes and herein alleges that the intent of the parties as they entered into the contract herein described was to establish minimum requirements for Jef-

ferson's defense of the disputed patents and that Jefferson's performance in that respect is within those standards and that Mobay's interpretation of Jefferson's position is a semantic and excessively literal distortion of both the real intent of the parties and the fair meaning of the contract as written."

And in its prayers Jefferson asks for reformation "\* \* \* in such a manner as to make clear that Jefferson was not intended by the contracting parties to suffer a forfeiture by voluntary dismissal of the complaint incident to a change of forum, \* \*."

Relying on Arcturus Radio Tube Co. v. Radio Corporation, 20 Del.Ch. 376, 177 A. 899 (1935) Mobay says that reformation can only be granted where there is a showing of either mutual mistake or fraud. It argues that the complaint contains no such allegations and therefore fails to comply with Rule 9(b) which requires that mutual mistake and/or fraud be pleaded with particularity.

■ On a motion to dismiss a complaint all inferences must be construed in favor of plaintiff and the complaint may not be dismissed by the Court unless it appears to a reasonable certainty that plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim. Fish Engineering Corporation v. Hutchison, 39 Del.Ch. 215, 162 A.2d 722 (1960). But these principles do not excuse a party from pleading facts which fairly apprise his adversary as to the acts which are relied upon. Defendant is entitled to have facts stated to which he can fairly plead.

Plaintiff argues that it seeks reformation only in the alternative, that is, only if the Court concludes that the words in the contract as written mean what Mobay contends that they do. In this respect Jefferson's contentions seem more like a species of argument on the main issue, rather than an independent grounds for relief.

■ In any event, "reformation" implies the need for judicial change in the written contract. This is the law as stated by Chancellor Seitz in Hessler, Inc. v. Ellis, 39 Del.Ch. 517, 167 A.2d 848 (1961):

"Implicit in the term 'reformation' in law is the need for a change in the written agreement. It is made so that the agreement as reformed will reflect the true intent of the parties. Consequently, unless the court finds that the parties are charged with having orally agreed on particular material terms, there is no contract to be reformed, regardless of defendant's conduct and plaintiff's mistake. Colvocoresses v. W. S. Wasserman Co., 26 Del.Ch. 333, 28 A.2d 588."

■ Since Jefferson seeks reformation, its complaint must measure up to this test. This does not mean textbook pleading or the use of specific words or phrases, but it does mean that "facts must be set out to apprise the adversary as to what acts are relied upon as constituting" the mistake, as Jefferson recognizes in its brief by quoting from 1A Barron & Holtzoff, Federal Practice and Procedure (Rules ed) § 302. The facts on which Jefferson relies in pleading for reformation must be set forth with at least "some" particularity to apprise defendant of what is charged against it.

■ The difficulty here is that Jefferson has not alleged any "facts" in support of its allegation seeking reformation. It states merely that the "intent of the parties" when they made the contract was something different than what Mobay now contends that it is. Even the minimal requirements are missing from that pleading. For this reason it is not adequate and is fairly subject to Mobay's motion to dismiss.

Mobay's motion to dismiss the claim for reformation will be granted, but with leave to Jefferson to amend its complaint so as to restate the allegations on which it asks the Court to reform the contract.