Gilbert WILKES and Rose Emilienne
Wilkes, husband and wife, Defend-
ants Below, Appellants,

v.

The STATE of Delaware, upon the relation
of the STATE HIGHWAY DEPART-
MENT, Plaintiff Below, Appellee.

Supreme Court of Delaware.

April 3, 1970.

Houston Wilson, Georgetown, for appel-
lants.

John T. Gallagher, of Morris, Nichols,
Arsht & Tunnell, Wilmington, for appellee.

WOLCOTT, C. J., HERRMANN, J.,
and CHRISTIE, Judge, sitting.

CHRISTIE, Judge.

This action has been brought in Chan-
cery Court by the State of Delaware upon
the relation of the State Highway Depart-
ment in an attempt to establish its right to

and title in some eight acres of land lying on a narrow strip of sandy shore between the Atlantic Ocean and Assawoman Bay. The land is south of Bethany Beach and north of Fenwick Island in Baltimore Hundred, Sussex County. Gilbert and Rose Emilienne Wilkes, defendants below, filed a motion to dismiss in Chancery Court, challenging (1) the jurisdiction of the equity Court to try title to real estate and (2) the standing of the State Highway Department and its privately retained counsel to bring suit. The motion to dismiss was denied and defendants have appealed solely upon the jurisdictional issue, having abandoned their second ground of appeal.

The tract of land involved in this case is bisected by State Highway Route 14, which runs north and south through the entire tract. The tract is divided into two parcels, the "public portion" which fronts on the Atlantic Ocean to the east and the "patented portion" which fronts on Assawoman Bay to the west. The precise boundary line between the public and patented portions of the tract has not been established. The public portion is claimed by the State in its first cause of action as the sovereign, original owner whose title and possession have not been diminished since its sovereign inception. The patented portion, although granted to certain private individuals in past years, is now claimed by the State in its second cause of action through operation of the escheat laws.

Plaintiff seeks various forms of relief including: 1) an adjudication that plaintiff is owner of the lands and that defendants have no interest therein either from any deed or from any use or occupancy, 2) an injunction against defendants to prevent them from asserting a contrary claim or from doing anything inconsistent with plaintiff's rights, and 3) a court direction for recording the final judgment in the office of the Recorder of Deeds.

Defendants argue that plaintiff has an adequate remedy at law in ejectment as

provided in 10 Del.C. § 6702, that equity is without jurisdiction to try title to real estate, and that the traditional equitable remedy of removal of a cloud on title is available only where title and possession are in the complaint. Plaintiff contends that it is in possession, at least as to the public portion of the tract, and the alleged cloud on plaintiff's title and the invalidity thereof must be judged from evidence outside of the existing record, thus bringing the cause within the jurisdiction of the equity court as equity jurisdiction is defined under Delaware cases.

The Chancery Court found that extrinsic evidence would be required in order to determine the nature of the cloud upon plaintiff's title and overruled defendants' motion to dismiss, basing its order upon the authority of Suplee v. Eckert, 35 Del.Ch. 428, 120 A.2d 718 (Ct. of Chancery, 1956) and Murphy, et al. v. Mayor, etc., of City of Wilmington, 6 Houst. 108 (Ct. of Errors and Appeals, 1880). The Chancery Court was unquestionably correct as to the necessity of extrinsic evidence.

Defendants' affidavit states that up until the time of the commencement of this action the lands and premises have been exclusively in the possession of defendants and their predecessors in title, under a claim of right existing since prior to the year 1896; and that since June 1, 1939, they have exercised full, exclusive, adverse, complete and absolute control and possession over the same to the exclusion of all others save their guests and invitees. The State, on the other hand, claims title which may be traced back to the American Revolution, as to part of the land; and as to the other part, it claims escheat. It contends that the apparent record title in the defendants is in fact invalid. The State also says it is in possession of at least a portion of the lands in question.

Extrinsic evidence going to each factual assertion will be necessary in order to resolve the conflicts.

The need for extrinsic evidence brings many issues raised in this case squarely within the decision of Suplee v. Eckert, *supra*. In his unreported opinion the Chancellor listed the similarities between *Suplee* and the present case:

"On the crucial points Suplee is the same as Wilkes. There plaintiffs sought to remove a cloud on their title to real estate; here plaintiff seeks a judgment which, among other things, will result in permanently enjoining defendants and other persons acting under or with them from asserting 'any claim whatever in or to said lands adverse to plaintiff.' In Suplee plaintiffs claimed title through a sheriff's deed, defendants claimed through a tax deed; here the State claims title as a result of its creation as an independent sovereign state following the Revolutionary War; here defendants trace their record title to 1939 and 1961 deeds and to possession under claim of right since prior to the year 1896'. "Thus, both cases involve conflicting claims to title based upon separate chains. As to relief, in Suplee plaintiffs requested an order cancelling the record deeds through which defendants claimed title; here plaintiffs seek an injunction against defendants and all persons acting in concert with them 'from asserting any claim whatever in or to said lands adverse to plaintiffs' and an order directing that a certified copy of the final judgment be filed in the Office for the Recording of Deeds. As plaintiff argues, I regard the latter as a prayer for cancellation of the prior deeds on which defendants rely."

We agree with the Chancellor's analysis.

The primary argument advanced by defendants in *Suplee, supra*, was that the action could not be tried in equity until plaintiffs had first established their title at law. Recognizing the long established equity jurisdiction to remove a cloud on the title to real estate, Judge (then Chancellor) Seitz in the *Suplee* opinion treated the matter before him as involving a cloud on title and made the following observation:

"* * * However, as defendants argue, it is true in Delaware that when the alleged cloud arises from a matter of record as opposed to a circumstance which must be proved by extrinsic evidence, equity will leave the plaintiff to his law action, unless some other basis of equity jurisdiction appears. See Murphy v. Mayor, etc. of City of Wilmington, 6 Houst. 108; Catts v. [Town of] Smyrna, 10 Del.Ch. 263, 91 A. 297. Although the rule adopted in the Murphy case has been forcefully criticized by Mr. Pomeroy (Vol. 4, 5th ed., § 1399), it is as a decision of the old Court of Errors and Appeals, binding on this Court." *

In *Murphy*, the rule was stated as follows:

"* * * A lien or incumbrance, to throw a shadow upon title to real property so as to give the owner a right to relief in equity, must be one that is regular and valid on its face, but is in fact irregular and void from circumstances which have to be proved by extrinsic evidence. The test is well defined in Heywood v. The City of Buffalo, 14 N.Y. [534] 539, to be where there is an apparent validity in the incumbrance and a total invalidity in

---

* Pomeroy's criticism seems to us obscure at best since it appears also to support the rule stated in *Suplee* and *Murphy*. Pomeroy states: "While a court of equity will set aside a deed, agreement, or proceeding affecting real estate, where extrinsic evidence is necessary to show its invalidity, because such instrument or proceeding may be used for annoying and injurious purposes at a time when the evidence to contest or resist it may not be as effectual as if used at once, still, if the defect appears upon its face, and a resort to extrinsic evidence is unnecessary, the reason for equitable interference does not exist, for it cannot be said that any cloud whatever is cast upon the title." 4 Pomeroy, supra, § 1399.

fact which can only be proved by evidence *aliunde*." 6 Houst. 108, 134.

In addition the Court in *Murphy* quoted with approval Van Doren v. Mayor, etc., of New York, 9 Paige 388 at page 389 (N. Y. Chancery, 1842) as follows:

"A valid legal objection appearing upon the face of the proceedings, through which the adverse party can alone claim any right to the complainants' land is not in law such a cloud upon the complainants' title as can authorize a court of equity to set aside or stay such proceedings. But where the claim of the adverse party to the land is valid upon the face of the instrument, or the proceedings sought to be set aside, as where the defendant has procured and put upon record a deed obtained from the complainant by fraud, or upon a usurious consideration, which requires the establishment of extrinsic facts to show the supposed conveyance to be inoperative and void, a court of equity may interfere and set it aside as a cloud upon the real title to the land."

■ It is clear from the *Murphy* and *Suplee* opinions and the authority quoted therein that if an alleged cloud involves disputes which can be resolved only by extrinsic evidence lying outside the record, or if the invalidity of a recorded instrument must be established by matters outside the record, then equity has jurisdiction to try the cause.

■ We affirm *Suplee* and *Murphy* as containing time-honored rules of property law. Under the doctrine of *stare decisis* we decline to reverse the holdings and rules of law contained therein. The maxim of *stare decisis* is entitled to particular respect in litigation involving title to real property. Application of Emmett S. Hickman Co., 10 Terry 13, 108 A.2d 667 (1954); State v. Pennsylvania Railroad Company, Del.Supr., (1969). It has been said that it is almost as important that the law be settled as it is that the law

be right, and unless justice and compelling public policy demand a contrary result, a property rule of long standing should not be overthrown. Abbott Supply Co. v. Shockley, 11 Terry 261, 128 A.2d 794 (1956). We find no compelling reasons to abandon or alter the rules of *Murphy* and *Suplee* in regard to equity jurisdiction to remove a cloud from the title to real property.

■ Defendants also argue that plaintiff's second cause of action involving the patented portion of the tract, is dependent upon the escheat statute, 12 Del.C. Chapter 11, and is clearly a suit which must be brought at law, particularly since plaintiff makes on serious claim of possession as to this portion. Although this contention was not specifically treated in his unreported letter opinion, the Chancellor overruled in toto defendants' motion to dismiss the entire complaint which included plaintiff's second cause of action. We affirm the decision of the Court below as it applies to the second count. We find that plaintiff's only complete remedy is in equity. We also hold that the issues surrounding the acquisition of title by escheat, the boundary dispute and the issue of possession are ancillary to plaintiff's main case because of the peculiar circumstances here present.

■ Although the plaintiffs were in possession in *Suplee* and *Murphy*, there is no logical reason why the rules adopted therein should apply only if plaintiff is in possession of all parts of the land in controversy. Where possession of a part of the land appears to be in plaintiff and possession of part is disputed, as it is here, such dispute should be resolved in connection with a trial on the merits and not as a jurisdictional prerequisite. The reasons for such a holding are especially apparent where the circumstances are such that plaintiff in any event appears to be without an adequate remedy at law. The general rule that a complainant seeking to remove a cloud from the legal title must be in possession is subject to an exception in

favor of those out of possession for whom the law cannot furnish full and complete relief. Scarlett et al. v. Cleaver, 16 Del. Ch. 251, 145 A. 121 (Del.Ch.1929); 4 Pomeroy, *supra*, § 1399.

Plaintiff's present lack of possession of one part of the land and its title to that portion based on escheat are only parts of the whole complex controversy. The determination of those legal issues would not resolve all the other issues in this case or lead to a complete, adequate and final remedy to the parties even as to a part of the land. Assuming that the question of title by escheat might be tried and settled in plaintiff's favor in an action at law, the recorded deeds under which defendants claim would still remain as a cloud upon the title of plaintiff, thus necessitating a further action in equity to remove the cloud and give relief upon the principle of *quiaimet*.

Also, certain contentions made by defendants as to the whole tract would have to be considered in connection with the patented portion by the law court and in connection with the public portion by the equity court. Under the circumstances we are of the opinion that plaintiff's only adequate remedy is in equity as to both the public and patented portions of the tract.

We find the question of legal title to a part of the total tract in controversy to be so intertwined with other elements of the controversy, which call for the exercise of equitable jurisdiction or relief, that the legal matters should be regarded as ancillary and equity should take and retain jurisdiction over the entire matter. See Pomeroy, Equity Jurisprudence, Vol. 4, 5th Ed., § 1399; Sears v. Scranton Trust Co., 228 Pa. 126, 77 A. 423 (1910).

█ It is the policy in this jurisdiction to avoid a multiplicity of suits, particularly where more than one court is involved. Wilmont Homes, Inc. v. Weiler, Del.Supr., 202 A.2d 576 (1964); New Castle County Volunteer Firemen's Ass'n v. Belvedere Volunteer Fire Co., Del.Supr. 202 A.2d 800 (1964). To leave any part of this controversy to the law courts would be to encourage a multiplicity of suits and possible further jurisdictional controversy.

The decision of the Court of Chancery is affirmed.